### S. R. BUMPUS, plaintiff in error, *vs.* HORACE MILLER and others, defendants in error.

Section 29, Chapter 25, of the Revised Statutes, providing, among other things, that all roads not recorded which have been used as public highways twenty years or more, shall be deemed public highways, applies not only to cases where the period of twenty years had elapsed at the taking effect of the law, but also to cases where the full period should not elapse until afterwards. It makes no difference in computing the time, that part of the twenty years had run when the Revised Statutes took effect, and part of it afterwards.

The provisions of Sections 2 and 14, Article 18, of the Constitution, that private property cannot be taken for public purposes, except the necessity for using it, and the compensation to be made therefor, shall be ascertained by a jury of twelve freeholders, etc., in no way affects the case where the owner actually dedicates his property to the public for their use, or where, from his long acquiescence in the public use of it, a dedication is presumed by law.

A variation of two or three rods in the traveled track at one end of a highway, made such by twenty years' user, the variation having existed only twelve years, will not take away the right of the public to use the road. A dedication of a highway, when not expressly or impliedly restricted by the owner, is not confined to the beaten track, but includes the four rods in width, as provided by statute.

*H. T. Backus*, for plaintiff.

*Lothrop & Duffield*, for defendants.

Case certified from the Circuit Court for the County of Wayne.

By the Court, BACON, J.

This was an action of trespass *quare clausum fregit*, and was commenced in the month of June, 1855. The defendants were Commissioners of Highways of the township of Van Buren, in the County of Wayne, and justified their acts as such under a special notice given with the plea of the general issue.

The only point in dispute, and the only question to be decided by this Court is : was there a public highway at the place where the alleged trespass was committed?

The facts are these : There was a traveled road along the route in question, which had been used as a public highway more than twenty years prior to 1854. In the fall of that year, the plaintiff built a fence across the road, which was afterwards thrown down by the defendants. This is the trespass for which the action is brought.

In the year last mentioned, the Commissioners of Highways of the township caused the road in question to be surveyed, ascertained, described, and entered of record as a public highway in the office of the Township Clerk.

At the time the Revised Statutes of 1846 took effect, the road in question had been used as a public highway for about fourteen or fifteen years only. The western end of the road had been removed from two to three rods from the original traveled track, and the part thus varied had been used about twelve years only at the time of the trial.

The plaintiff contends that, inasmuch as the road had not been used as a public highway for twenty years at the time when the Revised Statutes took effect, that is, in March, 1847,

and had not been so used for ten years since that time, it was not a public highway within the meaning of the statute. That there having been a variation from the traveled track, near its western end, and the same having been used but about twelve years at the time of the trial, this part of the road could not become a highway by user, nor could it form a part of any other highway. The plaintiff further contends that the statute which creates a highway by user merely, is unconstitutional, as it takes private property for public use without compensation, and without being appraised by a jury of twelve freeholders, or of three or more Commissioners appointed by a Court of Record, as required by the Constitution.

The questions which are submitted to the Court in this case, must be decided by a construction of the statutes upon the subject.

It is provided by Chapter 25, Section 29, page 137, of the Revised Statutes of 1846, as follows : "All public highways now in use, heretofore laid out and allowed by any law of this State, or of the late Territory of Michigan, of which a record shall have been made in the office of the Clerk of the County or Township, and all roads not recorded, which have been used as public highways twenty years or more ; and all roads not recorded, which shall hereafter be used ten years or more, shall be deemed public highways, but may be altered or discontinued according to the provisions of this chapter."

It is further provided by Section 1, Chapter 22, page 126, of the Revised Statutes of 1846, that the Commissioners of Highways shall, among other things, "cause such of the roads used as highways, as have been laid out, but not sufficiently described, and such as shall have been used for twenty years, but not recorded, to be ascertained, described, and entered of record in the Township Clerk's office."

The duty imposed by this section of the statute on the Commissioners of Highways, is a continuing one, which they

21

are bound to perform from time to time, as cases may arise. A road may have been used for fifteen years at the time the Revised Statutes took effect, on the 1st of March, 1847. At the end of five years thereafter, if the road has continued to be used, and thus making the user in all more than twenty years, the Commissioners would be bound to ascertain, describe, and enter it of record in the Township Clerk's office. The twenty years' user, referred to in Section 1, is not confined to time which had actually passed at the time of the passage of the Act, but it may include subsequent time. All that is necessary to constitute a highway, and to authorize the Commissioners to ascertain, describe, and enter it of record, is, that it shall have been used for twenty years ; and it makes no difference in computing the time, that part of it had run at the time when the Revised Statutes took effect, and part of it should run afterwards.

The road in question had been used more than twenty years prior to 1854, at which time the Commissioners of the proper township caused it to be ascertained, described, and entered of record in the Clerk's office. It then became, and was a public highway. (*Colden* vs. *Thurber*, 2 *Johnson R.*, 424.)

By referring to Section 1, *p.* 109, of the Revised Statutes of 1838, we can clearly see that the intention of the Legislature, by the Act now in force, was to shorten the time of user necessary to make a public highway. It is as follows : The Commissioners of Highways shall cause such of the roads used as highways as shall have been laid out, but not sufficiently described, *and such as shall have been used for twenty years*, but not recorded, to be ascertained, described, and entered of record in the Township Clerk's office.

Thus, it appears that as the law then was, a road could in no event become a public highway by user alone, unless it had been so used for the full period of twenty years. Whereas, by the act now in force, a user of ten years, after

March, 1847, will constitute a public highway. If the con-struction, which is contended for by the plaintiff, is adopted, a road which had been used nineteen years prior to the time when the present statute went into effect, and which should continue to be used nine years after that time, would not become a public highway, notwithstanding its continued use for a period of twenty years. We think, therefore, that there is no doubt what the Legislature intended by the pro-visions of Section 29, *p.* 129, of the Revised Statutes now in force. (*Rev. Stat. of* 1846.)

It is, however, further insisted by the plaintiff, that his property cannot be taken for public purposes, except the necessity for using it, and the compensation to be made therefor, shall be ascertained by a jury of twelve freeholders, or by not less than three Commissioners, appointed by a Court of Record, pursuant to the provisions of Section 2 and 14, Article 18, of the Constitution of this State. Section 2 is as follows : When private property is taken for the use or benefit of the public, the necessity for using such property, and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of twelve freeholders, residing in the vicinity of such property, or by not less than three Commissioners, appointed by a Court of Record, as shall be prescribed by law.

This provision of the Constitution, however, in no way or manner touches or affects the case now under consideration. It applies to cases where private property is taken for public use without the consent of the owner, and does not apply to cases where the owner actually gives or dedicates his prop-erty to the public for their use, or where, from his long acquiescence in the use of it by the public, a donation or dedication is presumed by law, as is the case before us. The plaintiff, or those under whom he claims, has suffered the public to use the road as a highway without objection, for more than twenty years. From this fact, the law presumes a

donation of it to the public, or a dedication of it to the public use.

Nor does the variation near the western end of the road vary the case. The variation was from two to three rods· The statute provides that public highways shall be four rods wide. (*Sec.* 18, *p.* 136, *Rev. Stat.*) Whether the highway is acquired by user only, or under the provisions of the Constitution, it must be four rods in width. The dedication, or donation, when not expressly or impliedly restricted by the owner, is not confined to the mere track which is beaten by carriages and the feet of animals in passing along, but includes and carries with it the four rods in width as provided by statute. (*Sprague* vs. *Watts*, 17 *Pick.*, 317 ; *Hanmer* vs. *Belchertown*, 19 *Pick.*, 312).

The plaintiff, as appears from the case, actually assisted in making the variation in the road, and cannot, therefore, complain. See Larned *vs.* Larned (11 *Met.*, 423.)

The road being a public highway, the plaintiff had no right to build the fence across it, and the defendants were justified in removing it.

The judgment of the Court below is therefore affirmed, with costs.

Present, BACON, GREEN, JOHNSON, COPELAND, WING, and PRATT, J. J.

MARTIN, J., did not sit in the case.

DOUGLASS, J., did not participate, having decided the cause in the Court below.

WING and PRATT, J. J., dissented.