HELEN McKAY v. GEORGE DOTY AND CHARLES PALMER.

*Highways—Location and width of.*

1. How. Stat. § 1315, was not intended to abrogate any public highway which had become such by use, but simply declares that, where such highways are situated on section or quarter-section lines, their center line shall be such section or quarter-section lines.

2. Where the location of a highway by *user* was in dispute, one party claiming that the center line as used was identical with the quarter line, and the other that such quarter line was a considerable distance east of such traveled track,—
   *Held*, that if the first claim was correct the limits · of such highway would be two rods on each side of the quarter line, but, if the second claim was correct, the highway boundary would be two rods from the center of the traveled track, unless controlled by such facts as would show that private owners had obtained a prescriptive right against the public, so as to reduce the width of the road to less than four rods, and the court should have left it for the jury to find *where* the highway by *user* was.

Error to Monroe. (Joslin, J.) Argued October 29, 1886. Decided November 11, 1886.

Trespass. Defendants bring error. Reversed. The facts are stated in the opinion.

*O. A. Critchett*, for appellants.

*G. Morris*, for plaintiff.

CHAMPLIN, J. The defendant Doty, as highway commissioner of the township of Raisinville, took down and removed a fence which he claimed encroached upon a high-

way. Defendant Palmer assisted him in so doing, at his request.

The fence in question was erected by the plaintiff in the year 1885, and ran north and south, inclosing her lands, as she claims, from the highway. Claiming that the fence was entirely upon her own land, and without the limits of the highway, she brought an action of trespass against defendants for removing it. The existence of the highway was admitted, and also that it was such by user, and had been used as such for more than fifteen years before the time of the alleged trespass. The controversy was over the precise location of the highway.

The eastern boundary of plaintiff's lands is the north and south quarter line of section 3, in township 6 S., range 7 E. The testimony was conflicting as to whether the highway by user, in question, was upon the quarter line, or to the west thereof. There was evidence of a survey which made the center line of the highway, as used, identical with the quarter line, and also of another survey which made the quarter line a considerable distance east of the traveled track of the highway. The plaintiff relied upon this last location of the quarter line, and claimed that such line was or should be considered the center line of the highway, and built her fence accordingly, which interfered with the traveled track of the highway as it had theretofore been used.

The court charged the jury that a highway by user had been established and had existed as claimed by the defendants, but that the same had been abrogated, and the right of the public therein surrendered, by the Legislature, by section 20 of Act No. 243 of the Public Acts of 1881,[1] and directed the jury to find a verdict in favor of the plaintiff, and against the defendants, which they did.

The section referred to reads as follows:

"All highways regularly established in pursuance of exist-

---

[1] How. Stat. § 1315.

ing laws; all roads that shall have been used as such for ten years or more, whether any record or other proof exists that they were ever established as highways or not; and all roads which have been, or which may hereafter be, laid out and not recorded, and which shall have been used eight years or more,—shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act. All highways that are or that may become such by time and use shall be four rods in width; and, where they are situated on section or quarter-section lines, such lines shall be the center of such roads, and the land belonging to such roads shall be two rods in width on each side of such lines."

It was not the intention of the Legislature to abrogate any public highway which had become such by use. It declares that, where such highways are situated on section or quarter-section lines, such lines shall be the center of such roads; evidently meaning that the center line of such roads shall be the section or quarter-section lines.

It is very doubtful, however, whether it is competent for the Legislature .to condemn, by legislative enactment, the lands of private owners so as to include them in the bounds of a highway which had become so by user prior to the passage of the act, by a change of the line of the center of the highway. It is sufficient in this case to say that the location of the highway was in dispute, and that the center line was the center of the highway as used. If such line was identical with the quarter-section line, then the limits of the highway would be a distance of two rods on each side thereof, in accordance with the statute; but, if the highway as used was west of the quarter line, then the boundary of the highway would be two rods from the center of the traveled part, unless controlled by such facts as would show that private owners had obtained a prescriptive right against the public so as to reduce the width to less than four rods.

The court should have submitted the testimony to the jury to find from the evidence where the highway by user was.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.