## CHARLES F. CAMPAU v. THE CITY OF DETROIT.

*Highways—User—Dedication—Instructions to jury.*

1. User of land as a highway for the statutory period conclusively establishes the dedication of the land for that purpose.

2. The rights of the public in a highway which has become such by user are not affected by the listing of the land for taxation to the former owner, and the payment by him of the taxes so assessed.

3. It is not error to refuse to instruct the jury as requested where the instruction asked for is not applicable to the evidence in the case.

Error to Wayne. (Frazer, J.) Argued February 15, 1895. Decided April 2, 1895.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Edwin F. Conely* and *Orla B. Taylor,* for appellant.

*C. D. Joslyn,* for defendant.

HOOKER, J. The west line of a tract of land known as "Private Claim 78" constitutes the center line of what is now known as "Vinewood Avenue," in the city of Detroit. In 1846 the plaintiff's mother, being the owner of said private claim, conveyed it by deed to one Reed, by a description which excluded the strip in controversy, being 15 feet in width off from the west side of said tract, which strip said deed described as a lane or road. The plaintiff testified that at a later date she gave· this strip of land to him, but did not deed it to him until November 6, 1875. This land was not then within the city of Detroit. It would seem that the public were at the time using it for a highway, for not only is there testimony that there

was a turnpike there which was worked for the width of 30 or 35 feet, but plaintiff's brief also indicates it by the statement " that the plaintiff [after receiving the deed from his mother] immediately fenced it in; thus undertaking to dispute the right of the public in that 15 feet." It is also indicated by the fact that proceedings for encroachment were commenced against the plaintiff by the authorities of the township of Springwells. These came to nothing, for some reason not given, and a proceeding thereupon instituted to condemn the land met a similar fate, though it does not appear that either proceeding settled the rights of the public or the plaintiff in the strip of land. The fence was soon removed, probably by trespassers, and the land was used as before by the public. In 1890 plaintiff brought this action of ejectment. The jury returned a verdict for the defendant, and the case seems to have turned on the question of user since 1876.

There was evidence that the strip had been assessed to the plaintiff, who had paid taxes upon it, continuously since he had received the deed from his mother, the land being at that time assessed by his direction. About 1885 the city came into control of this highway, and has laid sewers, graded and otherwise improved it.

The plaintiff claims that the court should have directed a verdict in his favor; that, if user for the statutory period was shown, it was under circumstances which negative the implication of a dedication, upon which he asserts that all highways by user in this State must rest. He relies upon the controversy in 1876, the continuous payment of taxes, the fact that the land was a common, and the crookedness of the traveled track to overcome any presumption of dedication that might otherwise arise from uninterrupted user. It is said in his behalf that the Constitution (article 18, § 2) prohibits the taking of private property without

condemnation and compensation, except where it is voluntarily dedicated. The question is therefore raised whether user for the statutory period conclusively establishes dedication, or whether it is a circumstance tending to show dedication which may be disproved.

We consider the statute one of repose, and the effect of user of land as a highway by the public is not dependent upon extrinsic evidence which might tend to show that, while the user implied a dedication, in fact none was made. The question is sufficiently discussed in the following cases: *Bumpus v. Miller*, 4 Mich. 159; *City of Detroit v. Railroad Co.*, 23 Id. 173; *Ellsworth v. Grand Rapids*, 27 Id. 255; *Nye v. Clark*, 55 Id. 603; *Coleman v. Railroad Co.*, 64 Id. 164; *Kruger v. Le Blanc*, 70 Id. 76; *Adams v. Iron Cliffs Co.*, 78 Id. 283.

The rights of the public in a highway are not affected by the listing of the premises for taxation, or payment of taxes when assessed. It is not within the province of assessing or collecting officers thus to admit away the rights of the public.

In *Ellsworth v. Grand Rapids*, 27 Mich. 256, it is said that—

"To require under this statute proof of an intention to dedicate, as a necessary element to establish a road by user, would be not only to import into the statute an element of which no intimation is found there, but completely to nullify the statute itself, and to defeat its manifest purpose, which was, so far as its prospective provisions are concerned, to bar the right of the owner to dispute the rightfulness of the public user after the prescribed period in all cases where the user for that period had been uninterrupted and undisturbed, whatever the actual intention of the owner might be. The statute, in all such cases, is a fair notice to the owner that, if he means to dispute the rightfulness of the public user, he must assert his right within the prescribed period in some way calculated to interfere with, disturb, or interrupt such use by the

public, or by the institution of a suit for the judicial determination of the right.    The mere making and recording of a plat upon paper, ignoring the existence of the road, was not an act in any way calculated to interfere with or disturb the use of the way by the public.    It offered no obstacle to travel, and neither persons traveling the road, nor the public authorities having charge of it, were bound to notice it."

Error is assigned upon the failure of the court to give plaintiff's fourteenth request, as follows:

"It appears from the evidence that directly west of the property in question was a strip of land which was used as a public highway.    The mere fact that the public, while driving along the street, sometimes got over onto plaintiff's property, would not constitute it a public highway."

We think that there was no occasion to submit that question to the jury, in view of the testimony.

The judgment will be affirmed.

LONG, GRANT, and MONTGOMERY, JJ,, concurred.    MC-GRATH, C. J., did not sit.