LEETE *v.* RONEY.

PRIVATE ALLEY—USER—EVIDENCE.

A strip of land 15 feet wide had been used as an alley for 25 years, and the buildings of the abutting property owners had been built substantially on the alley line. The city had graded and cleaned the alley for 20 years in the same manner as alleys acquired by statutory dedication, and had constructed a sewer thereon by authority of a deed referring to the land as a private alley. Defendant's grantor had once given permission to erect a pole in the alley, which was erected without objection; but it was not shown to have interfered with the use of the alley. The land had always been assessed as private property. *Held,* in a suit by an abutting owner to enjoin the closing of the way, to show a private alley established by adverse user, which defendant could not close without the consent of other abutting owners.

Appeal from Wayne; Frazer, J. Submitted November 14, 1900. Decided June 17, 1901.

Bill by Thomas T. Leete, Jr., against William E. Roney to restrain the closing of an alley. From a decree for complainant, defendant appeals. Affirmed.

*Corliss, Andrus & Leete*, for complainant.

*Charles W. Casgrain*, for defendant.

MONTGOMERY, C. J.   This is a bill to restrain defendant from closing up his end of a strip of land which has been used as an alley for 25 years.   Complainant's land abuts on the alley, which is 15 feet wide.   Barns and fences have been built substantially upon the line of this alley, and it has been used constantly and frequently by teams and vehicles passing to and from the premises, for carrying supplies into barns and sheds, and for removal of garbage, stable manure, etc.   The city has graded and cleaned the alley for 20 years, and given it the same care as alleys dedicated by statutory dedication.   The city has also constructed and maintained a lateral sewer in the alley by authority of a deed especially referring to the land as a private alley.

It is in evidence that one of defendant's grantors, in 1887, granted permission to erect a pole in the alley, and that it was erected without permission being obtained from the board of public works under the ordinance, and no objection made.   It does not appear that this interfered in any way with the use of the land as an alley.   The land has always been assessed and taxed as private property. There is some testimony tending to show that the use of the land in dispute as an alley by one of the abutting owners was by parol license; but there is no such proof as to complainant, or any one under whom he holds.

We are of opinion that the proofs establish a continuous, notorious, and adverse user of the right of way over the land in dispute for the statutory period, at least as a private, if not a public, alley.   See *Campau* v. *City of Detroit*, 104 Mich. 560 (62 N. W. 718).

The decree will be affirmed.

The other Justices concurred.