LEVER v. GRANT.

139  273
e152  668

1. DEDICATION—INTENT—RESERVATIONS.

Land was platted along a street of half width which had been dedicated by the owner of the adjoining plat, the dedicator reserving as a private right of way the strip necessary to complete the street of full width. The plat showed the strip marked "Private Way." The circumstances indicated an intention to reserve title to the strip in the dedicator in order that he might receive compensation when it should be condemned for widening the street. *Held*, that the fee to the strip was reserved to the maker of the plat and the lot owners were given access to the street over it.

2. TAXATION—APPURTENANCES—OWNER OF FEE.

The fee of a strip of land which the maker of a plat reserves as a private way is properly assessable to him, though the lot owners have a right of way over it as an appurtenance to their lots which is assessed to them as a part of the value of their lots.

3. EASEMENTS—TERMINATION—SALE OF SERVIENT ESTATE.

An easement appurtenant to certain lots on a plat is terminated by a sale by the plat maker, before sale of the lots, of his interest in the servient estate.

ON MOTION FOR REHEARING.

TAXATION—DEED—EFFECT.

Under section 173 of the charter of Detroit (1893), a tax deed is prima facie evidence of the regularity of all the tax proceedings.

Appeal from Wayne; Mandell, J. Submitted February 9, 1905. (Docket No. 130.) Decided March 7, 1905. Rehearing denied June 8, 1905.

Bill by Elmer T. Lever against Archibald Grant to restrain an obstruction of an alleged right of way. From a decree for complainant, defendant appeals. Reversed.

*John W. McGrath,* for complainant.
*John J. & Robert T. Speed,* for defendant.

HOOKER, J. On February 21, 1884, one Hibbard Baker platted certain land including a public street called "Custer Avenue," which was upon the extreme north side of the plat. It was only one-half of the width of the street at other points. Subsequently, and upon March 27, 1885, Hamlin & Brown, owners of land north of and bordering upon this portion of Custer avenue, made a plat of such land. The diagram includes so much of both plats as is necessary to show the situation:

The dedication of the Hamlin & Brown plat was shown by the following language upon the plat:

" And we do hereby dedicate to the perpetual use of the public the streets and alleys as shown thereon, reserving to ourselves, our heirs and assigns, the reversion or reversions thereof whenever discontinued by law, excepting the north 30 feet of Custer avenue, which we reserve as a private right of way.   Witness," etc.

Sales were made by Hamlin & Brown of many of the lots in their plat before 1890, and most of the others afterwards.   The plat shows a strip of ground 30 feet wide adjoining Custer avenue on the north, marked " Private Way."   The three most westerly lots front Woodward avenue and the southerly one is owned by the defendant, while the complainant owns the first lot east of an alley, by which it is separated from defendant's parcel.   The defendant has fenced in that portion of the land marked " Private Way" which lies south of his lot, and complainant's bill is filed to compel him to remove this fence. Complainant prevailed in the circuit court, and defendant has appealed.

The defendant claims to own the parcel inclosed in fee. It was assessed for city taxes for the year 1890, and duly sold and bid in by defendant for delinquent taxes for that year, and defendant obtained a city tax lease thereof for 99 years.   Again, on the 13th of March, 1894, Brown conveyed to Hamlin this parcel, and he in turn deeded it to the defendant on the same day.   Immediately thereafter defendant fenced the land.

Complainant's parcel was deeded to him as lot 300, according to the plat, by a grantee of Hamlin & Brown, who bought of them in 1899.   The complainant claims that the effect of the plat was the dedication of this private right of way, throughout its entire length, as an appurtenance of the several lots in the addition.   Defendant, on the other hand, contends that the private way was reserved in fee to the persons who made the plat, and that he has acquired their title through the tax deed and other deeds referred to.   At the time the Hamlin & Brown plat was made, the land proposed to be platted was bounded

upon the south by a street (Custer avenue) of half width, dedicated the year before by the Hibbard Baker plat. To make it a street of the usual width, it was necessary to take land belonging to Hamlin & Brown. Apparently they were unwilling to dedicate this land, perhaps for the reason that it would have been without compensation. The plat shows what they did, and we must determine its effect upon the title.

It is a reasonable supposition that there was an intention to keep this strip of land with a view to its ultimate condemnation for widening Custer avenue. If this is so, it is reasonable to say that they undertook to reserve this title to themselves, so that they would receive the compensation when it should be condemned. If it was intended to convey the fee to the prospective purchasers of the lots, the proprietors might as well have dedicated the street to the public, for it is improbable that they reserved a right of way for themselves merely, when a public street would do as well, or that they intended to convey a fee to subsequent purchasers as a gratuity. We are therefore of the opinion that this plat indicates a reservation of the title in fee to the makers of the plat, and that it was the intention of the owners to give the lot owners access to Custer avenue over this land. It may be that its effect was to give all purchasers of lots a right of way over the entire strip. That, however, is not an important question here, for it cannot affect the result. The strip being reserved in fee by the owners of the land, it was subject to taxation like other land. The plat shows that it was not a part of the respective lots. At the most it was an easement appurtenant to them. If it be said that such appurtenance was included in the assessment of a lot, it still left the fee to be assessed to the true owner and this was presumably done. Being sold for taxes to the defendant, he acquired all of the estate that was assessed, if the proceedings were regular. They are not before us, and we do not pass upon the effect of this tax deed, it being unnecessary to a disposition of the cause.

It clearly appears that in 1894, while Hamlin & Brown still owned the premises now claimed by the complainant, they sold to the defendant's grantor their interest in the parcel involved here. This must have deprived the lots then owned by them of an appurtenant easement. If not, it is not apparent how it could be done. We conclude, therefore, that, although purchasers of lots from Hamlin might, under the terms of their deeds, have an easement over this entire strip (which we do not decide) by reason of the sale with reference to the plat, such right would depend upon the grantors' ability to convey such easement, which they could not do in this case, because they had already parted with all interest in the land.

We are therefore constrained to reverse the decree and dismiss complainant's bill, with costs of both courts.

MOORE, C. J., and CARPENTER, MCALVAY, and GRANT, JJ., concurred.

### ON MOTION FOR REHEARING.

HOOKER, J. This cause was decided upon the assumption that the complainant's rights to relief (if he would otherwise have had any) were cut off by a deed from his grantor prior to his conveyance to him. It now appears by stipulation of counsel that said deed was subsequent to the time that he acquired title. A rehearing is asked in view of this correction. This makes it necessary to consider the effect of the tax deed under which the defendant claims title. No question is raised over the regularity of the tax proceedings, which are not included in the record. But the tax deed, which was offered in evidence, is prima facie evidence of the regularity of all of the proceedings (see Detroit charter [1893], § 173), and we must hold therefore that the complainant is not entitled to the relief asked in his bill.

The rehearing is denied.

MOORE, C. J., and CARPENTER, MCALVAY, and GRANT, JJ., concurred.