WATZ v. SUNDERLAND.

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—HIGHWAYS—STATUTE—VALIDITY.

    Section 4061, 2 Comp. Laws, providing that all highways shall be four rods in width, cannot be construed to transfer to the public land actually owned, possessed, and occupied by the owner of land abutting on a highway, without giving him any opportunity of contesting the claims of the public or of asserting his own rights, since such a construction would render it unconstitutional

Error to Lapeer; Smith, J. Submitted June 7, 1906. (Docket No. 47.) Decided February 5, 1907.

Trespass under 2 Comp. Laws, §§ 4122–4126, by Christian Watz, highway commissioner of Mayfield township, against William J. Sunderland. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Reversed, and no new trial ordered.

*William E. Brown*, for appellant.

*Geer, Williams & Halpin*, for appellee.

CARPENTER, J. In 1888 proceedings were taken to lay out a highway between sections 5 and 8, in the township of Mayfield, Lapeer county. Those proceedings were jurisdictionally defective. The public, however, commenced using this highway and has continued to use it to the present time. The traveled portion of said highway was situated upon section 8. In 1888 one Dell Brown owned the land on both sides of said section line. In 1891 Brown sold to defendant the land in section 5 on the north side of said section line. In 1892 and 1893 defendant built a house and inclosed his land by a fence, which has ever since been maintained, and both the house and fence are situated within less than two rods of the section line. Since the building of said fence, defendant (it is to be inferred) has used the inclosed land as a part of his farm.

Plaintiff, as highway commissioner, commenced these proceedings under sections 4122 to 4126 of the Compiled Laws of 1897 to procure an adjudication that the fence of defendant was an encroachment upon the highway. He secured a judgment in the circuit court. The judgment proceeds upon the theory—and it can be supported on no other theory—that section 4061 of the Compiled Laws of 1897 gave the public a title to the strip of defendant's land two rods in width, north of the section line, because it had used for more than 10 years an adjacent strip for highway purposes. Has section 4061 this effect? This is the determining question in this case. That section reads as follows:

" All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for ten years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used eight years or more, shall be deemed public highways,

subject to be altered or discontinued according [to] the provisions of this act. All highways that are or·that may become such by time and use, shall be four rods in width, and where they are situated on section or quarter-section lines, such lines shall be the center of such roads, and the land belonging to such roads shall be two rods in width on each side of such lines."

The land in controversy was undoubtedly defendant's at the time he inclosed it in 1892 and 1893, and it is clear that no one had any right whatever to interfere with his possession until a highway by user had been established, according to the terms of the section above set forth. Has he now lost his land by virtue of said section, because the public have for many years used an adjacent strip as a highway ? It is important to be noted in this connection that defendant was powerless to prevent the use of this strip as a highway, because the roadbed did not lie on lands owned by him. The application of section 4061 to this case depends upon the proper construction of the following language found in said section, viz. :

"All highways that are or that may become such by time and use, shall be four rods in width, and where they are situated on section or quarter-section lines, such lines shall be the center of such roads, and the land belonging to such roads shall be two rods in width on each side of such lines."

To so construe this language· as to uphold the judgment of the lower court is to declare that it transfers to the public land actually owned, possessed, and occupied by defendant without giving him any opportunity whatever of contesting the claims of the public or of asserting his own rights. As thus construed, the law is a bald legislative attempt to transfer to the public the property of one of its citizens. It cannot be so construed, because such a construction would render it unconstitutional. This precise question was involved in *Groesbeck* v. *Seeley*, 13 Mich. 329, where this court held unconstitutional a statute declaring that the title to lands bought by the State at tax sales should be absolute and indefeasi-

ble after five years.    The same principle was applied in *O'Connor* v. *Carpenter*, 144 Mich. 240, where this court approved the statement of Judge COOLEY:

"One who is himself in the legal enjoyment of his property cannot have his rights therein forfeited to another, for failure to bring suit against that other within a time specified to test the validity of a claim which the latter asserts but takes no steps to enforce." Cooley on Constitutional Limitations (7th Ed.), p. 522.

We are therefore constrained to hold that section 4061, 2 Comp. Laws, has no application, that the trial court erred in not directing a verdict for the defendant, and that the judgment should be reversed, and no new trial ordered.

McAlvay, C. J., and Grant, Hooker, and Moore, JJ., concurred.