## CITY OF DETROIT v. MYERS.

1. HIGHWAYS AND STREETS — ESTABLISHMENT — PRESCRIPTION — REQUISITES.

    A city can establish a public way by prescription only by show-ing an uninterrupted and undisputed user of the land for the prescribed period.[1]

2. DEDICATION—RESERVATION—PRIVATE WAY.

    The reservation of land as a private way negatives its dedication to the public.

3. HIGHWAYS AND STREETS—ESTABLISHMENT—PRESCRIPTION—EVIDENCE—TAXATION OF LAND.

    Though the rights of the public in a highway cannot be admitted away by taxing officers, the fact that the land has been at all times listed as private property is of some significance, in connection with other facts, as affecting the question of adverse, exclusive, and uninterrupted user.

4. SAME—ENCROACHMENT—INJUNCTION—PROPRIETY.

    A bill to compel the removal of a building covering a part of a strip of land claimed to be part of the public highway, and to enjoin encroachment thereon, is properly dismissed; it appearing that the strip was expressly reserved in the plat as a private way, that it was contiguous to a public way, that the public use shown of the greater portion was as consistent with permission as with hostility, that the alleged encroachment was not an interruption of the use of the graded road-bed covering a part of the strip, and that there were other various asserted and recognized rights of the owners to portions of the strip.

5. SAME—ESTABLISHMENT—PRESCRIPTION—STATUTORY WIDTH.

    The use by the public of a portion of a strip of land claimed to be a public way does not, of necessity, either in city streets or country roads, determine the public right to extend over four rods in width.   Section 4061, 2 Comp. Laws.

Appeal from Wayne; Brooke, J.   Submitted January 9, 1908.   (Docket No. 21.)   Decided May 26, 1908.

[1]As to acquirement of highway easement by prescription, see note to *Marion* v. *Skillman* (Ind.), 11 L. R. A. 55.

Bill by the city of Detroit against George W. Myers, Margaret Myers, Clarence M. Burton, and John C. Goodrich to enjoin an encroachment upon a street. From a decree for complainant, defendants appeal. Reversed, and bill dismissed.

*Denton Guinness* (*Timothy E. Tarsney*, of counsel), for complainant.

*Herbert C. Munro*, for defendants.

OSTRANDER, J.    In 1885, Hamlin & Brown platted lot 3 of section 57, 10,000 acre tract, Detroit. Lots fronted on Hamlin, now Bethune, avenue, and ran back 120 feet to a strip of land 30 feet wide, marked on the plat "Private Way," which strip extended from Woodward avenue to Oakland avenue. The dedication of the plat contains the following:

" We do hereby dedicate to the perpetual use of the public, the streets and alleys as shown thereon, * * * excepting the north 30 feet of Custer avenue, which we reserve as a private right of way."

The lots were conveyed subject to a building restriction which secured the principal entrance to each house on Hamlin avenue. Just south of the Hamlin & Brown plat is one, laid out in 1884, on the north side of which is a public way 30 feet wide parallel with the private way, which if used with the private way would make a street 60 feet in width. It is known as Custer avenue. Both Custer and Bethune avenues and the 30-foot strip are now intersected by John R. street, Brush street, Beaubien street, and St. Antoine street, between Woodward and Oakland avenues, and, apparently, by an alley situated between Woodward avenue and John R. street.

It is charged in the bill of complaint, filed by the city of Detroit, that the 30-foot private way has at all times been used and enjoyed by the public as a public way in connection with the 30-foot public way immediately south of it, and has been improved from year to year by the

city authorities as a part of Custer avenue; that defendants Myers have recently erected or caused to be erected upon said private way a building at Oakland avenue, and that defendants Burton and Goodrich claim an interest in the premises. The relief prayed for is that the defendants remove the building and be restrained by injunction from making any further encroachment upon this strip of land.

In the case of *Lever* v. *Grant*, 139 Mich. 273, we had occasion to determine between rival individual claimants the right to a portion of this private way. With the opinion in that case is a map of the two plats sufficient to indicate the situation. As in that case, it appears here that the strip has been assessed by the city assessors and taxed from 1889 to the time of beginning this suit. It appears here, also, that Hamlin & Brown in 1892 began suit in ejectment against those in possession of a part of the strip. In 1903, a building was erected at the northeast corner of the intersection of Beaubien street. Proceedings were taken to open Beaubien street across this strip in 1891 and an award in condemnation proceedings was made and paid. In 1894, proceedings were had to condemn a right of way for John R. street. They were discontinued after verdict and no award was paid and no assessment to pay an award was levied. In 1889, Hamlin & Brown conveyed to the city of Detroit by deed that portion of the strip lying between John R. and Brush streets. The land between John R. street and Oakland avenue is claimed by defendants Goodrich and Burton. Defendant George Myers asserts no claim to any of it. Defendant Margaret Myers is lessee of Goodrich and Burton, who base their claim on a sheriff's deed of the interest of one of the original proprietors. Mr. Burton also claims title under various tax deeds issued upon sale of the land for State and county taxes for the years 1889, 1890, 1891, 1892, 1893, 1896. As to portions of this strip of land, the city has since 1886 taken such care of it as it usually does with public alleys, removing ashes and rubbish of various kinds. The graded portion of Custer avenue (the city

graded the roadbed in 1886) is 15 feet wide, and its center line is 30 feet north of the south line of the avenue, as shown by the south or Hibbard Baker plat. The water main is on the south and the sewer on the north side of this center line. There has been a foot path five or ten feet north of the road used for many years by any person having occasion to pass. The distance between the south line of Custer avenue and the south line of the lots on the Hamlin & Brown subdivision varies, being 64.50 feet at Oakland avenue, 65.25 feet at St. Antoine street, 66.13 feet at Beaubien street, 66.75 feet at Brush street, and 68 feet at John R. street. Sidewalks have been laid on the south side of Custer avenue. Fire department poles, supporting wires, were erected some 16 years ago along this strip; just where does not clearly appear. The position of the complainant city is that this strip of land has become by user and adverse enjoyment a public highway. It is further claimed, we suppose to obviate any difficulty growing out of an actual use of only a part of the strip, that section 4061, 2 Comp. Laws, is applicable and if there is a highway by user it is, by aid of the statute, four rods wide.

The complainant can succeed only by showing an uninterrupted and undisputed user of the land for the prescribed period. Attention cannot be confined—is not sought to be confined—to the particular piece of ground occupied by the alleged encroachment. The term private way suggests the use of the land for travel; the reservation of the land as a private way negatives its dedication to the public. While the rights of the public in a highway cannot be admitted away by taxing officers, *Campau* v. *City of Detroit*, 104 Mich. 562, the fact that the land has been at all times listed as private property is of some significance in connection with other facts as affecting the question of adverse, exclusive, and uninterrupted public user. In view of the fact that some use of the land by the public is entirely consistent with the idea of a private way, that it was expressly reserved as a private way, that

it is contiguous to a public way, that public use of the greater portion is as consistent with permission as with hostility, that the alleged encroachment is not an interruption of the use of the graded roadbed, and in view of other various asserted and recognized rights of the owners to portions of the strip, it is not clear there is support for a judicial determination, in a proceeding of this nature, that the 30-foot strip is a public highway. The use of a portion of the land by the public does not, of necessity, in city streets, determine the public right to extend over four rods in width, *City of Detroit* v. *Railroad Co.*, 23 Mich. 173; nor in a country road, *Watz* v. *Sunderland*, 147 Mich. 96.

The decree of the court below is reversed, and a decree will be entered in this court dismissing the bill of complaint, with costs of both courts to defendants.

BLAIR, MONTGOMERY HOOKER, and MOORE, JJ., concurred.