BEDARD *v.* SIMONS.

DEDICATION—HIGHWAYS AND STREETS—IMPLICATION.
By the express dedication of a strip of land of designated width to the public as a highway, any implication of the dedication of a wider strip is precluded.

Appeal from Wayne; Donovan, J.  Submitted March 1, 1910.  (Docket No. 97.)  Decided March 19, 1910.

Bill by Flavia Bedard and another against David W. Simons and the township of Hamtramck to quiet title to certain land. From a decree for defendants, complainants appeal. Reversed, and decree entered for complainants.

*Albert McClatchey* (*Henry Ohrns*, of counsel), for complainants.

*C. C. Simons* and *Navin, Sheahan & Bourke*, for defendants.

OSTRANDER, J. Complainants filed their bill to quiet the title to certain land, claiming to be the owners thereof in fee. It appears to be conceded that they were once the owners of the land and have never conveyed it. The court below found that the land in question and another lot adjoining it is the property of the defendant township and is part of a public highway known as "Mitchell Avenue." Decree to this effect was entered. The land is known as lot 5, and came to complainants in partition proceedings in 1891. David W. Simons acquired other parcels of the estate partitioned by warranty deed, and on the same day—June 1, 1891—received a quitclaim deed of lots 4 and 5 from the same grantor, who had no apparent title to said lots. Simons conveyed to Roehm by warranty deed the land which he had acquired by such a deed, and gave Roehm a quitclaim of lots 4 and 5. This under date July 15, 1891. Roehm gave to Simons a mortgage upon all of the land so purchased. Roehm gave the defendant township a quitclaim deed of lot 4 and of the east 1 foot and 6 inches of lot 5, the deed reciting:

"Said strip of land, 25 feet in width, is conveyed for the use of a public street, and if discontinued by law shall revert to the parties of the first part, their heirs and assigns."

Roehm had platted his property as Roehm & Rothwell's subdivision; the plat is recorded, and the way so described was a part of the plat. The mortgage above referred to was foreclosed in chancery. Said lots 4 and 5 were sold

to David W. Simons, and he received the deed of the circuit court commissioner for the same, the deed being dated February 2, 1899. In his answer defendant Simons claims to own all of lot 5 except the east 1 foot and 6 inches thereof; alleging that he did not make the defendant township a party defendant in the foreclosure proceeding.

The defendant township by its answer claims to own lot 4 and the east 1½ feet of lot 5, and alleges that since said lands were deeded to the township they have been used as a public street or highway known as "Mitchell Avenue," and that the township has for more than 15 years assumed charge of, ditched, and graded said avenue. It denies that complainants are entitled to any relief as to lot 4 (they claim none) and the east 1½ feet of lot 5. This answer is signed by the township by its supervisor. The record does not show the date of filing the various pleadings as it is required to do. Supreme Court Rule 35 (136 Mich. xxxvii, 104 N. W. v). But at some time after filing this answer the said township filed another and amended answer, in which it is alleged that lots 4, 5, and 6 have been for 15 years used as a highway or street known as "Mitchell Avenue." This answer was not signed by the supervisor, but by the solicitors for the township. Concerning this added claim of the township, the record contains the following:

"This cause was set for hearing in February, 1908, and on the day set the complainant, with her witnesses and solicitor, came from Bay City and were ready for the hearing. The case was not reached for several days, during which time the complainant, her witnesses and solicitor remained in Detroit, and during which time an agreement was made and entered into between the complainant and the defendant township, by which the township was to have the east one and one-half feet of the land here involved (which was all that was claimed by said defendant township) and there was to be no contest between complainant and the said township.

"When the case was finally called for hearing, the solicitor for the defendant township appeared and stated to the court that the defendant Simons had informed him

that the defendant township had been using more than the east one and one-half feet of the said land, and that it should claim more, and, without any other notice or form, then and there asked to be permitted to amend the township's answer.

"The court then and there, without allowing the complainant any costs for the expense and delay caused thereby, permitted said defendant to amend its answer, and adjourned the case. No such expenses were, however, requested by complainant's solicitor.

"The case finally came on for hearing in November, 1908. Plaintiff filed objections to the township's amended answer."

It is unnecessary to consider the question of the regularity of the practice pursued and the force and effect to be given to the amended answer of the defendant township. If the question is before us—if the amended answer is to be considered as an abandonment of claim to a highway by dedication and to assert instead a highway by user—we should have difficulty in finding that the public had, by user, acquired title to any of the land. But we are not concerned about the title to lot 4. Complainants have conceded to the township, as part of Mitchell avenue, the east 1½ feet of lot 5. There is testimony tending to prove an acceptance by the public authorities of the subdivision, including Mitchell avenue. Without discussing its authority to do so in any case by a mere pleading signed by the supervisor or by the solicitors for the township, we shall assume that the public rights flowing from the dedication of the land are not intended to be waived. The great weight of the evidence requires the finding that the public has acquired by user no right to the remainder of lot 5, and that complainants own and should have their title quieted as to all of lot 5 except the east 1 foot and 6 inches. It is said in the brief for the defendant township:

"There was considerable testimony in reference to the wrought or graded part of the highway. The consensus of opinion from all the testimony seems to be that this was 25 feet in width. And that is undoubtedly the case. Complainants seem to deduce from that that such must

therefore be the full width of the street.   But the traveled part of a roadway does not necessarily define the limits of the highway, particularly where no fences or other structures are erected by the owner to mark the terminus of the same.   An owner does not express the intention of confining the street to a width of 25 feet, where by deed he dedicates that width and then fails to fence or guard against use of a wider strip for a period of ten years by the public.   This has been held in at least two cases in this State, one of them dealing expressly with the question of a variance in width of the highway, at either end thereof, a question raised by the testimony in the case at bar.  *Bumpus* v. *Miller,* 4 Mich. 163; *Kruger* v. *Le Blanc,* 70 Mich. 79 (37 N. W. 880)."

An examination of these cases will discover that they do not support the proposition to which they are cited. An owner of unoccupied land, especially in a subdivision of land by platting, cannot well express an intention to restrict a street to a particular width in a better way than to indicate, specifically, the width of the street.   Both of the cases cited are authority for the proposition that where there has been an express and accepted dedication of land to the public use for a highway, there is no room for the presumption, or the implication, of a dedication or donation of a wider strip of land.   This is agreeable with the general rule.

The decree will be reversed, with costs of both courts. A decree will be entered here quieting the title to lot 5, except the east 1½ feet thereof, in the complainants.

MONTGOMERY, C. J., and HOOKER, BLAIR, and STONE, JJ., concurred.