JOHN SCHEIMER, COMMISSIONER OF HIGHWAYS, v. MORTIMER PRICE.

*Highway by user.*

A highway by *user* includes only so much land as is used for that purpose, and it cannot be extended upon adjacent lands, against the consent of the owner, except under proper condemnation proceedings instituted for that purpose.[1]

Error to Bay. (Green, J.) Argued April 12, 1887. Decided April 28, 1887.

Trespass. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*J. L. Stoddard*, for appellant.

*Lindner, Porter & Haffey*, for defendant.

[1] See *McKay v. Doty*, 63 Mich. 581; *Lyle v. Lesia*, 64 Id. 16; *Coleman v. Flint & P. M. R. R. Co*, Id. 160.

SHERWOOD, J. This case is an action of trespass, brought by the plaintiff, as commissioner of highways, under subdivision 6, c. 29, How. Stat., to recover for an alleged encroachment upon a certain highway in the township of Hampton, in the county of Bay. The suit was commenced in justice's court, where it was tried, and the plaintiff had judgment. On appeal to the circuit, trial was had, and the circuit judge directed a verdict for the defendant.

The plaintiff sought to establish the highway by proving user. It appeared by the plaintiff's own showing that the public had never used the strip of land claimed to constitute a part of said highway by the plaintiff, and owned by the defendant, about two rods wide, and over a hundred rods long; and that the alleged encroachment was the defendant's fence, inclosing said strip with his other lands. A highway by user includes only so much land as is used for that purpose, and it cannot be extended upon adjacent lands, against the consent of the owner, except under proper proceedings for condemnation for that purpose.

The direction of the circuit judge was correct, and the judgment must be affirmed, with costs.

The other Justices concurred.