WILHELMINA KRUGER V. FRANCIS LE BLANC ET AL.

[See 62 Mich. 70.]

*Highways—Encroachment—User—Evidence.*

1. This is an action of trespass for the alleged *unlawful* destruction of plaintiff's fence by a highway commissioner, who claimed that it was an encroachment upon a public highway, and the Court hold that the defendants' testimony tended to show the existence of such highway by *user*.

2. The absence from the proper township records of an order of the commissioners laying out a highway in accordance with a survey found in the records, purporting to be a copy of the field-notes of the survey of said road, is cogent proof of a negative character that the road has not been laid out.

3. Highways by *user* are based upon the *implied* dedication of the land by the owner; and, where there is nothing to indicate a contrary intention, the presumption is that the owner intended to dedicate the land to the full legal width (*Bumpus v. Miller*, 4 Mich. 159), which contrary intention is indicated by the owner's placing fences or other means within the statutory width during the time the statute is running, in which case the public is only entitled to claim the part which it has been permitted to use.[1]

Error to Wayne. (Hosmer, J.) Argued April 13, 1888. Decided April 27, 1888.

---

[1] See *Lyle v. Lesia*, 64 Mich. 16; *Coleman v. F. & P. M. R. R. Co.*, Id. 160; *Scheimer v. Price*, 65 Id. 638,— on the question of highways by *user*.

Trespass. Plaintiff brings error. Affirmed. The facts are stated in the opinion, and in the former report of the case in 62 Mich. 70.

*Henry M. Cheever,* for appellant, contended:

1. That the testimony failed to show that the road had been legally laid out, for reasons stated in the opinion.
2. That the evidence shows conclusively that it was not a highway by user.
3. Encroachment proceedings only apply to cases where the existence of the highway is admitted, and the only question is as to the encroachment; citing How. Stat. § 1373 (note); *Roberts v. Com'rs,* 25 Mich. 23; *Campau v. Button,* 33 Id. 527; *Gregory v. Stanton,* 40 Id. 271; *Willson v. Gifford,* 42 Id. 454.

*George H. Prentis* and *B. T. Prentis,* for defendants, contended:

1. That, there being no special findings of fact, and testimony having been introduced on the question of *user,* the finding of the circuit judge cannot be reviewed: *Hedges v. Hibbard,* 46 Mich. 551.
2. No exception having been taken to the judgment, the case is not in a condition for review; citing *Turner v. Grand Rapids,* 20 Mich. 395; *Schmidt v. Miller,* 22 Id. 278; *Feller v. Green,* 26 Id. 70; *Wilkinson v. Earl,* 39 Id. 626; *Chatterton v. Parrott,* 46 Id. 432; *Wertin v. Crocker,* 47 Id. 642; *Green v. Gill,* Id. 86.

CHAMPLIN, J. The plaintiff brought an action of trespass on the case against the defendants, claiming damages for the unlawful and malicious destruction of a fence along one side of her land, and some fruit and shade trees.

The defendants pleaded the general issue, and justified, claiming that defendant Le Blanc was highway commissioner, and acted in his official capacity, by virtue of proceedings taken to remove obstructions from the highway known as the "St. Cosme Line Road," and that the other defendants were acting under his authority.

The case was tried in the circuit court without a jury, and

judgment was rendered for defendants. No requests for written findings were made. The acts alleged in the declaration, of tearing down and removing plaintiff's fence from the place and position it was in, by defendants, were fully proved. The only question is, was the justification made out? This involved the existence of a highway at the point where the fence was erected, and an encroachment upon such highway by the fence.

The defendants contend that the highway was regularly laid out in 1851; but if they failed in the proof of that, then it was a highway by user. A survey found of record in the record-book of the township of Ecorse was introduced in evidence, purporting to be a copy of the field-notes of the survey of the St. Cosme line road. This was admissible for what it was worth, as a link in the chain of evidence. But it was of itself entirely insufficient to show a regularly laid out highway. The statute in force at the time this survey was made, enacted that—

"Whenever the commissioners of highways shall lay out, alter, or discontinue any road, they shall cause an accurate survey to be made of such road, and shall incorporate such survey in an order to be signed by them, and shall cause such order to be filed and recorded in the office of the township clerk, who shall note the time of recording the same upon the record." Rev. Stat. 1846, chap. 25, § 1.

No claim was made that the township records were lost. On the contrary, they were produced, and all they contained was the survey above stated. Containing no order signed by the commissioners laying out the road in accordance with such survey, it was cogent proof of a negative character that the road had not been laid out.

The question, then, is whether the road had become a highway by user; and upon this there was no dispute but the road had been traveled in front of plaintiff's fence, which defendants tore down, for a period of over 20 years, and had become a highway by user. So that the question practically turns

upon the width of the road which the public had thus acquired by user.

The plaintiff's land had a frontage on this road of 36 rods and 8 feet. She moved on the premises October 11, 1869, and at that time there was a rail fence along the road for a distance of 12 to 15 rods. This fence was there 5 years before she purchased. The grievance complained of was committed in December, 1882. Aside from the inclosure above spoken of, the land was wild, uncultivated, and covered with forest trees. In 1870 the fence was extended. Plaintiff's husband testified:

"The old rail fence was about two rods from Wiegert's fence. When they tore down the board fence, it was standing on the same place,—two rods from Wiegert's fence. While clearing off the land, I moved the fence back 4 or 5 feet; when I got through the clearing, moved it back two rods or so from the St. Cosme line, from Wiegert's fence, so that it stood there all the time while I was clearing off the property."

The plaintiff introduced other testimony tending to prove the location of the old fence, and that the board fence which was torn down occupied the same position which the old fence did.

The defendants introduced testimony tending to show that a ditch had been constructed along the side of the road between the traveled part and the old fence, and that plaintiff's husband had done work upon such ditch, and had been allowed therefor as performing highway labor; and also testimony tending to prove that the fence torn down was built in 1882, upon the south or road side of this ditch, and about a rod south into the road from where the old rail fence had stood.

Highways by user are based upon the implied dedication by the owner of the land; and, where there is nothing to indicate a contrary intention, the presumption is that the owner intended to dedicate the land to the full legal width.

*Bumpus v. Miller,* 4 Mich. 159. But where the owner has placed fences or other means, during the time the statute is running, within the statutory width, it indicates an intention not to dedicate to the full width, and the public is only entitled to claim the part which it has been permitted to use.

The defendants' testimony tended to prove the existence of a highway by user between the original rail fence and the St. Cosme line, and that the fence torn down was an encroachment upon such highway. We must presume, therefore, that the judgment of the circuit court was correct.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CAMPBELL, J., did not sit.