(No. 36718.—

THE CITY OF HIGHLAND PARK, Appellee, *vs.* JOHN DRIS-
COLL, Appellant.

*Opinion filed March 23, 1962.*

KENNETH O. STONESIFER, of Chicago, (JACK M.
SIEGEL, of counsel,) for appellant.

THOMAS H. COMPERE, Corporation Counsel, of High-
land Park, (STANLEY GROSSHANDLER and BERLE L.
SCHWARTZ, Assistant Corporation Counsel, of counsel,)
for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the
court:

The city of Highland Park brought special assessment
proceedings in the county court of Lake County for the
pavement of Ridge Road. John Driscoll, an affected prop-
erty owner, filed objections alleging that the city had not

acquired the land necessary for the improvement, and is using his land for that purpose without compensation. After a hearing the court overruled the objection, and the assessment was confirmed. The objector appeals directly to this court.

It is undisputed that the road is a public highway by prescription. The sole question relates to the width of the public easement. The portion to be improved runs in a north-south direction from Ridgelee Road on the north to County Line Road on the south, a distance of some 1423 feet. It has a gravel surface and has been used by the public for more than 15 years. The objector owns a 5-acre unsubdivided tract with a frontage of 257 feet on the west side of the road. He was assessed $4881.41. The proposed improvement calls for laying a concrete pavement, with combined curb and gutter, totalling some 31 feet in width, and installing a storm sewer which would take up an additional 3½ feet. It appears that in front of the objector's property the pavement will extend 15½ feet west of the center line of Ridge Road and the storm sewer will occupy an additional 3½ feet of width.

The testimony shows that in 1941 the graveled roadway was about 18 or 19 feet wide, with drainage ditches on either side, and that in the succeeding years it has become gradually widened, as a result of rolling, surfacing and the application of binder, so that in places it is three or four feet wider than it was originally.

The objector argues that the public use was confined to the graveled portion directly used for travel, that since this was only 18 or 20 feet wide the existing public road extends at most only 10 feet on his side of the center line, and that the improvement in question, which proposes to utilize some 18 feet on the west side of the center line, would include an eight-foot strip of private property which has never been used by the public. The contention, we think, must be rejected. The testimony is that alongside the traveled area

there are ditches maintained and used by the public for drainage of the road. These ditches were in existence for more than 19 years and were present when the objector acquired his property in 1949. On his side of the road the center line of the ditch, according to the testimony of the assistant city engineer, is 16 or 17 feet from the center line of the road, and it is not disputed that the improvement is located within the area occupied by the old gravel roadway and its drainage ditches.

The location of the limits of a public road is a question of fact, to be determined from the evidence bearing upon that question. (*Village of Winnetka* v. *Lyons,* 323 Ill. 486.) On the facts as shown by the evidence in the present case the trial court was warranted in finding a public use not only of the graveled part but of the drainage ditches which were essential to make the easement effective. In *City of Dixon* v. *Sinow & Weinman,* 350 Ill. 634, this court pointed out that "The easement for a street includes such use of the land at or beneath the surface as will make the easement effective," and we think that in determining the width or extent of an easement by prescription a similar concept of use must be employed. 39 C.J.S. 938, Highways § 20. We conclude that the evidence sufficiently shows a prescriptive right in the public to the use of a strip of land embracing the gravel road with its drainage ditches, and that the proposed improvement does not extend beyond its boundary. This opinion, however, is not to be construed as holding that an 80-foot right of way was established, as urged by the city. There is no evidence showing public use of any land for road purposes beyond the limits of the drainage ditches on either side of the traveled track.

For the reason indicated the county court properly overruled the objection to the assessment, and its judgment is accordingly affirmed.

*Judgment affirmed.*