EAGER *v.* STATE HIGHWAY COMMISSIONER.

1. HIGHWAYS AND STREETS—EJECTMENT—FINDING OF COURT—EVIDENCE.
    Finding of trial judge in action of ejectment that strip of land approximately 9' wide along public highway now under jurisdiction of State highway commissioner but not on an old trail or a section line was private property, had not been used by the public nor maintained by road officials as a public road *held,* supported by evidence.

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  18 Am Jur, Ejectment § 104 *et seq.*
[2]  18 Am Jur, Ejectment § 66.
[3]  20 Am Jur 2d, Courts §§ 17, 87 *et seq.*
[4]  49 Am Jur, States, Territories, and Dependencies § 92 *et seq.*
   Suit against public officer to recover possession of property as suit against State or Federal government.  160 ALR 332.
[5]  18 Am Jur, Ejectment § 148 *et seq.*
[6]  25 Am Jur, Highways § 166.
[7, 8]  25 Am Jur, Highways §§ 9, 37.
[9]  16 Am Jur, Dedication § 30 *et seq.*
[10]  25 Am Jur, Highways § 10.

2. EJECTMENT—MANDAMUS—STATE OFFICER—JURISDICTION OF CIRCUIT COURT.

Motion to dismiss by specially appearing State highway commissioner in action of ejectment in circuit court on ground that such court had no jurisdiction to entertain such suit since plaintiff was seeking mandamus against a State officer contrary to statute *held,* properly denied, since the action was not mandamus, but ejectment which must be commenced and tried in the county where the property is located (CLS 1956, § 610.1; CL 1948, § 636.3).

3. COURTS—CIRCUIT COURTS—JURISDICTION.

Circuit courts have jurisdiction of civil actions not excepted in the Constitution or prohibited by law (Const 1963, art 6, § 13).

4. ACTION—STATES—JURISDICTION.

Actions against State officers for the recovery of property are not suits against the State with jurisdiction exclusively in the court of claims or subject to the doctrine of sovereign immunity.

5. EJECTMENT—CIRCUIT COURT—DAMAGES—COURT RULE.

Claim that attendant damages may not be awarded ejectment plaintiff in circuit court action against State highway commissioner since such damages were beyond the jurisdiction of the circuit court *held,* untenable, where the recovery sought for use of 9' strip of land owned by plaintiff was, in reality, compensation for use of the premises and was allowable under court rule (GCR 1963, 754.4).

6. HIGHWAYS AND STREETS—EXTENT OF USER—STATUTES.

A highway by user becomes such to the width and extent used, notwithstanding statutory provision that such highways shall be 4 rods wide, since such pronouncement would constitute a taking of private property, beyond the user, without first making a determination of necessity and providing for just compensation (Const 1908, art 13, § 1; CL 1948, § 221.20).

7. SAME—IMPLIED DEDICATION—NOTICE.

An implied dedication of land for public highway purposes applies only to the extent of the user, since the implications of dedication resulting from the owner's permission of uninterrupted public user as a road for the statutory period arises from the fact of such user and statute governing same gives the owner notice that if he means to dispute the rightfulness of the public user he must assert his right within the statutory period by physical action or suit, a notice inapplicable to lands not included in the public user (CL 1948, § 221.20).

8. SAME—IMPLIED DEDICATION.
    Owner of land subject to implied dedication for use as a public
    highway is not required to dispute the rightfulness of a non-
    existent user (CL 1948, § 221.20).

9. SAME—DEDICATION—ACCEPTANCE.
    Acceptance, by user of land for public highway purposes, cannot
    exceed the amount of actual or implied dedication (CL 1948,
    § 221.20).

10. SAME—DEEDS—ESTOPPEL.
    Reference to center line of public road acquired by user, made
    in deed by owner at time public user commenced to one of
    plaintiffs' predecessors in title did not effect an estoppel of
    ejectment plaintiffs to assert their claim as to strip not used
    for highway purposes within 2 rods from such center line,
    where the reference in the deed related only to the existence
    of the highway, not its width (CL 1948, § 221.20).

Appeal from Bay; Smith (Richard G.), J. Sub-
mitted May 13, 1965. (Calendar No. 30, Docket
No. 50,621.) Decided July 13, 1965.

Declaration by James L. Eager and Blanche Eager
against John C. Mackie, State Highway Commis-
sioner, for possession of certain real estate that was
used in the widening of a highway, and for incidental
damages. Judgment for plaintiffs. Defendant ap-
peals. Affirmed.

*Ira W. Butterfield,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Louis J. Caruso* and
*Burton P. Daugherty, Jr.,* Assistant Attorneys Gen-
eral, for defendant.

DETHMERS, J. Plaintiffs brought ejectment in cir-
cuit court to recover possession from the State high-
way commissioner of a strip of land approximately
9 feet wide, and for damages. Plaintiffs said it was a

part of their land adjacent to a highway to the south of it. Defendant said it was a part of the highway. The trial court found for plaintiffs as to title, free from easement, reserving for future determination, however, plaintiffs' claim for damages or compensation for use of the premises. Defendant appeals.

From 1849 to 1884, a married woman, Ann E. Fitzhugh, owned the land in question. Plaintiffs trace title back to her. In 1868, her husband, William D. Fitzhugh, and another, entered into a contract with the local commissioner, acting on behalf of the State, agreeing to construct a road along the center line of what is now the said highway adjacent, on the south, to her land. It was to be 4 rods wide, thoroughly cleared and grubbed for a width of 17 feet on each side of the center line and the roadbed was to be 22 feet in width. Mrs. Fitzhugh did not sign or enter into the agreement nor convey any part of the land or grant an easement thereover for highway purposes. In 1872, after Fitzhugh and his associate had completed the road, the local commissioner executed an acceptance.

In 1924, the State highway commissioner caused a concrete roadbed, 20 feet wide, to be constructed on the road, with a 6-foot shoulder on each side. To the north of the shoulder was a V-ditch. Plaintiffs came into possession, under land contract, in 1932, and received a deed in 1941. In 1958, defendant widened the pavement so that the north curb was 29-1/2 feet north of the road's center line. At one point there is a catch basin 22 feet north of that center line. The road was not an old trail nor on a section line.

Several witnesses of advanced years testified as to the public use, maintenance by road officials and width of the road for a half-century back, and also about maintenance of the disputed strip, next thereto, by plaintiffs and their predecessors in title as a

private parking place and means of ingress and egress from their places of business. There had been no clear line of demarcation between the two in the early days, except that the road was covered with crushed stone and gravelled while the strip claimed by plaintiffs was covered with cinders. ·The testimony of these oldsters satisfied the trial judge, correctly we think, that the disputed strip had not been used by the public or maintained by road officials as a public road, but exclusively by plaintiffs and their predecessors as private property which was an adjunct and convenience to their business places conducted next thereto. Their memories of the width of the road as used and maintained all confirmed plaintiffs' contention that the strip had not become part of the public road by user. The trial court so found.

Before trial, defendant entered a special appearance and moved to dismiss on the ground that the circuit court was without jurisdiction to entertain this suit. Motion was denied. In the court below defendant urged that plaintiffs were seeking relief in circuit court by mandamus against a State officer contrary to CL 1948, § 636.3 (Stat Ann § 27.2230).[1] The court below properly observed that this is not mandamus but ejectment, which must be commenced and tried in the county where the property is located (CLS 1956, § 610.1 [Stat Ann 1959 Cum Supp § 27.641])[2] and that under CL 1948, § 606.1 (Stat Ann § 27.542),[3] circuits courts have jurisdiction of all civil actions not excepted in the Constitution[4] or prohibited by law, neither of which is the case here.

[1] For current provisions, see PA 1961, No 236, § 4401, CLS 1961, § 600.4401 (Stat Ann 1962 Rev § 27A.4401) and GCR 1963, 714.1, as amended effective January 1, 1965, 373 Mich cix.—REPORTER.

[2] For current provisions, see PA 1961, No 236, § 1605, CLS 1961, § 600.1605 (Stat Ann 1962 Rev § 27A.1605).—REPORTER.

[3] For current provisions, see PA 1961, No 236, § 601, CLS 1961, § 600.601 (Stat Ann 1962 Rev § 27A.601).—REPORTER.

[4] See Const 1963, Art 6, § 13.—REPORTER.

We agree with the trial court that *Hunt* v. *State Highway Commissioner,* 350 Mich 309, is authority for the proposition that suits against State officers for the recovery of property are not suits against the State with jurisdiction exclusively in the court of claims or subject to the doctrine of sovereign immunity. See, also, *Hawkins* v. *Dillman,* 268 Mich 483. We do not agree with defendant's latest contention that if plaintiffs are entitled to ejectment, nevertheless, their claim for attendant damages is beyond the jurisdiction of the circuit court. In reality, the claim is not for damages but compensation for use of the premises, allowable under GCR 1963, 754.4. Denial of the motion to dismiss is affirmed.

The disputed strip lies within the distance of 2 rods north of the center line of the road. Defendant says, with some discrepancies in his brief as to statutory citations, that this case is premised upon PA 1909, No 283, ch 1, § 20, the general highway law, entitled "laying out   *   *   *   highways", being CL 1948, § 221.20 (Stat Ann 1958 Rev § 9.21). This section re-enacts PA 1881, No 243, ch 1, § 20, which, in turn, incorporates the provisions of RS 1846, ch 25, § 29. Section 20 provides that all highways used as such for 10 years, regardless of whether any record or proof exists that they were ever established as highways or not, and all roads which have been laid out and used as such for 8 years shall be deemed public highways and that when they become such by time and use shall be 4 rods in width. Defendant claims that the road was created by user, under that statute, and is, therefore, 4 rods wide. For this conclusion defendant relies on *Bumpus* v. *Miller,* 4 Mich 159, and *Kruger* v. *LeBlanc,* 70 Mich 76. If they were authority therefor, we agree with the trial court that the later decisions of this Court, in *Wayne County Savings Bank* v. *Stockwell,* 84 Mich 586, *Smith* v. *State Highway Commissioner,* 227 Mich

280, and *Trowbridge* v. *State Highway Commissioner*, 296 Mich 587, are to the contrary, holding that a highway by user becomes such to the width and extent used. We agree with the trial court that privately owned land cannot become public road by user beyond the portion used as such merely by the above noted statutory pronouncement to that effect. To so hold would be violative of Constitution of 1850, art 18, § 14, Constitution 1908, art 13, § 1, which prohibited taking by the public of private property except upon determination of necessity and just compensation "being first made or secured".[5]

*DeFlyer* v. *Oceana County Road Commissioners*, 374 Mich 397, holds that public use and maintenance of a portion of the land dedicated by an owner for road purposes constitutes an acceptance by the public or highway authorities of the whole. In that case it was held that there had been actions on the part of the landowners which had been the equivalent of a common-law dedication upon which the acceptance operated. In other cases with like holdings, dedication had occurred. In the instant case there had been no dedication, except as such may be implied or presumed from user for more than the statutory period of repose (*Kruger* v. *LeBlanc*, *supra*; *Campau* v. *City of Detroit*, 104 Mich 560), but such implied dedication, as last above indicated, applies only to the extent of the user. And for good reason, because the implications of dedication resulting from the owner's permitting uninterrupted public user as a road for the statutory period arises from the fact that such user and statute[6] governing same give the owner notice that, if he means to dispute the rightfulness of the public user, he must assert his right within the statutory period by physical action or suit. *Ellsworth* v. *City of Grand*

---

[5] For current provisions, see Const 1963, Art 10, § 2.—REPORTER.
[6] CL 1948, § 221.20 (Stat Ann 1958 Rev § 9.21).

*Rapids,* 27 Mich 250. Such notice could not be said to apply to lands not included in the public user. Certainly the owner is not required to dispute the rightfulness of a nonexistent user. The acceptance, by user, cannot exceed the amount of actual or implied dedication.

The fact that Mrs. Fitzhugh, in a deed conveying the property to one of plaintiffs' predecessors, made reference to the center line of the street in question works no estoppel of plaintiffs to assert their claim to the strip, inasmuch as that reference in the deed related only to the existence of the highway and not to its width.

The judgment of the court below sets forth the description of plaintiffs' property and of the easement for highway purpose acquired by user, including location of a catch basin installed for road purposes, as the court found it to be, with the disputed strip being outside the easement.

The judgment is affirmed. Costs to plaintiffs.

KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred with DETHMERS, J.

T. M. KAVANAGH, C. J., concurred in result.

ADAMS, J., did not sit.