### YONKER *v.* OCEANA COUNTY ROAD COMMISSION

1. HIGHWAYS—PUBLIC ROAD—USER.

Trial court finding that a portion of a road outside a plat became a public highway by user *held*, proper, where it was a road with a defined line, it was stable as to width and location for much more than 10 years consecutively, the county road commission expended public funds on its maintenance and the general public used the road as a public road continuously during that period (CL 1948, § 221.20).

2. HIGHWAYS—VACATING COUNTY ROAD—OBJECTIONS.

Objections by those opposed to vacating a public road allegedly established by user must be of substance and of value to the public in order to be reasonable (CLS 1961, § 560.62).

3. HIGHWAYS—OBJECTIONS TO VACATING ROAD—SCENIC VIEW.

Trial court determination that reasonable objections to the

---

REFERENCES FOR POINTS IN HEADNOTE

[1] 39 Am Jur 2d, Highways, Streets and Bridges §§ 25, 26, 28, 29.
[2–4] 39 Am Jur 2d, Highways, Streets and Bridges §§ 143, 147, 148.
[5, 6] 39 Am Jur 2d, Highways, Streets and Bridges § 52.

vacating of a road had been presented *held*, proper, where the road touched a lake and afforded access to the lake for all purposes consistent with highway uses including a scenic view afforded the public (CLS 1961, § 560.62).

4. HIGHWAYS—VACATING OF ROAD—PUBLIC WELFARE.

Determination of trial court that the vacation of a road was not necessary for the health, welfare, comfort or safety of the public although petitioners alleged danger to their children due to vehicular traffic *held*, not clearly erroneous (GCR 1963, 517.1).

5. HIGHWAYS—WIDTH OF ROAD—USER.

The width of a road established by user outside of a plat is determined by the extent of the user for the prescribed time.

6. HIGHWAYS—ESTABLISHMENT BY USER—WIDTH OF HIGHWAY— JUDGMENT.

Judgment by trial court finding that a public highway 30 feet wide outside of a plat had been established by user *held*, error, where the record failed to contain evidence substantiating user to that extent over the unplatted land.

Appeal from Oceana, Harold Van Domelen, J. Submitted Division 3 January 9, 1969, at Grand Rapids. (Docket No. 4,431.) Decided May 28, 1969.

Petition by Stanley Yonker and others to have a county road vacated and declared not to be subject to any use by the public. Objections filed by Golden Township, the Oceana County Road Commission and the State of Michigan. Petition denied. Petitioners appeal. Affirmed in part and remanded in part.

*Dilley & Dewey*, for petitioners.

*Clifford W. Prince*, for Oceana County Road Commission.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Nicholas V. Olds*

and *Jerome Maslowski,* Assistant Attorneys General, for the State of Michigan.

BEFORE: LEVIN, P. J., and HOLBROOK and DANHOF, JJ.

HOLBROOK, J. This case involves a petition filed February 24, 1967, to vacate a portion of a county road in Oceana county, Michigan. Plaintiffs are 5 of 11 owners of parcels abutting the subject road. In an amended petition, plaintiffs added to their request to have the road vacated "and/or declared and found not to be subject to any use by the public." The township of Golden, the Oceana county road commission and the State of Michigan objected to the granting of the petition and are the defendants.

The following are the facts as they appear to this Court. A part of the road in question, more than 600 feet in length was dedicated to the public as a road 66 feet wide in 1946, by the recording of the plat of Dunes Vista. This part of the road is in front of and between lots 1 through 8 of said plat and Silver lake. The balance of said road is over unplatted land, a little over 300 feet in length and is a continuation of the platted road to the southwest adjacent to the lake which joins a north and south access road to Silver lake.

Since 1909 and for many years thereafter this road was a part of the only lake shore road that traversed around Silver lake. There was considerable use of the road by the public during this time. In the 1930's a county gravel road was constructed in back of the plaintiffs' property and in the 1950's it was blacktopped. Much of the traffic formerly using the lakeshore road, then used the new county road. However, the public continued to use the

lake shore road. The evidence differs as to the width of the road in question.

The township of Golden expended money on this road in grading it until in the 1930's when the counties took over the township roads.

In 1958, the plat of Kaat's subdivision was recorded, which dedicated to the public a 66 feet wide road, extending easterly from the Dunes Vista platted road, and which joins the county blacktopped road to the south.

The public roads dedicated in the plats of Dunes Vista and Kaat's subdivision were formally accepted by resolution of the Oceana county road commission in 1962. Mr. Albert McRea, an employee of the road commission from 1946 and foreman from 1951 until the time of the trial, testified to the effect that the county had, to his knowledge since 1946, bladed all of the road in question, with a 12' blade and had put dirt layers on it, and that at times a patrol grader was used which piled dirt in the deep holes. In the process of grading the road, it was widened. He explained that in blading a road, a little more is laid out in an effort to get the shoulders pulled into the middle so that there is a little crown in the road. He said the county had started brining the road about 4 to 5 years prior to the trial.

Mr. Mavoric Farmer, a witness for the plaintiffs stated that where people traveled on the road had varied up to 50 feet in width in the early days, but that for the past 20 years it had not varied practically anything at all. Mr. Angus Peterson, a witness for the defendants and the then supervisor of Golden township, and long time resident of the township, stated that he agreed with Mr. Farmer that years ago the use of the road varied to 50 feet in width because of the high water in the spring they used

one part and then when the water receded, they would work back the other way, but that in recent years since 1935 the location of the road had remained stable.

The witnesses for the plaintiffs testified that there was considerable hot rodding on the road which constituted a danger to the children in the area. Also that if the road were vacated or closed it would be a benefit to the public in that the value of the property would be increased and more tax revenue would be derived by the township and county.

There was evidence that the dedicated road of 66 feet width in front of the plat of Dunes Vista touches the lake in front of some of the lots as shown in the defendants exhibit B, a map of the area made in June of 1967.

Two witnesses testified that the road was a scenic road and gave a fine view of the lake and sand dunes across the lake. That the road was used by them and the public for this purpose.

All the deeds received in evidence pertaining to lots in the Dunes Vista subdivision were made specifically subject to or excepted the road. The deeds to the land not subdivided were made "subject to highway or roadway, if any."

The learned trial judge in his opinion found certain facts:

"That both the township of Golden and the Oceana county road commission have expended public funds on the road for grading and other upkeep since in the 1920's; that the road has been dedicated and accepted as a public road 66 feet wide where it traverses the plat of Dunes Vista   *   *   *   that the westerly boundary of the southerly portion of the roadway would touch the shoreline of Silver lake at high water in its natural state if the roadway were continued 66 feet wide on the southerly part (a sea wall has replaced the natural shoreline);

that the public is afforded a scenic view of the sand dunes across the lake which is a tourist attraction and a point of local interest."

He also determined that the road had been dedicated to the public by reason of continuous use over a long period of time (more than 50 years) and was accepted by the township of Golden and the Oceana county road commission by the expenditure of public funds for the maintenance thereof commensurate with its need and use by the public generally. He also found that the dedication in the plat of the road 66 feet wide had been accepted by the Oceana county road commission formally by resolution and prior thereto by reason of the expenditure of public funds on grading, blading, filling in the holes in the road and maintenance of the road, since the date of the plat 1946 until the present time.

Plaintiffs on appeal raise 4 questions which are restated and dealt with in order.

(1) *Did the trial court err in determining that the portion of the road outside of the plat was a public road?*

The defendants assert that this portion of the road became a public highway by user pursuant to CL 1948, § 221.20 (Stat Ann 1958 Rev § 9.21) which states in part:

"All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for 10 years or more, whether any record or other proof exists that they were ever established as highways or not * * * shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act."

Plaintiffs assert that the requirements of the law have not been met. They cite *Alton v. Meeuwenberg* (1896), 108 Mich 629, which defines certain require-

ments to be met before a road may be established by user, *viz:* that there was a defined line and the road was worked upon by the public authorities and traveled over and used for 10 consecutive years, without interruption. We agree that the authority of *Alton, supra,* is applicable.

Now it is true that the road zig-zagged over a width of 50 feet from time to time in the early years of this road. However, as pointed out in the pertinent facts, there was evidence from both sides that the road had not varied for at least the past 20–25 years. Mr. McRea, foreman for the road commission, stated that since 1946 the road had been maintained by grading, blading and filling in the holes in the road. It was established by competent evidence that the road had been graded to its present width of 20 feet in 1961.

Mr. McRea testified in part:

"*Q.* All right, and you stated the road might be a little wider now than it was maybe 15 years ago. Ah, what is your best estimate as to a little bit wider in terms of feet?

"*A.* Oh maybe 4 feet. Three or four feet. *  *  *

"*Q.* How wide do you say it is now?

"*A.* Maybe 18 feet."

Other testimony places the width of the road as low as 8–10 feet. There was no testimony that indicated that this road was like a one way bridge, or just confined to traffic going one way. It is reasonable under the evidence to conclude that it was wide enough to permit vehicles to meet and pass.

We conclude that it was a road with a defined line, that it was stable for much more than 10 years consecutively, and that the county road commission expended public funds on its maintenance and the general public used the road as a public road continuously during this period of time. There was no

error committed by the trial court as to this issue.

(2) *Did the trial court err in determining that the defendants had presented reasonable objections to the vacating of the road?*

CLS 1961, § 560.62 (Stat Ann 1965 Cum Supp § 26.492) provides:

"The court shall proceed to alter or vacate, correct or revise, the plat or part thereof, unless there is reasonable objection to making the alteration or vacation, correction or revision, in which case the court shall not proceed to alter or vacate, correct or revise the plat or part thereof unless it is deemed necessary for the health, welfare, comfort or safety of the public."

The trial judge found that part of the 66 feet wide road dedicated in the plat touched the shoreline of Silver lake at high water mark, and the road afforded a scenic view of the sand dunes across the lake which is a tourist attraction and a point of local interest. From these facts he determined that defendants had established a reasonable objection to the petition. Access to the lake by the public for all purposes consistent with highway purposes was established, including the scenic view of the lake and the sand dunes.

Plaintiffs assert that the objections were fanciful, visionary, or shadowy and therefore not reasonable. *Story & Clark Piano Co.* v. *Ottawa Circuit Judge* (1920), 212 Mich 1.

We agree that the objections to be reasonable must be of substance and of value to the public.

The trial judge determined in part:

"The scenic beauty of Silver lake is not only a major tourist attraction to the area, it is also a source of pleasure to the inhabitants of this area. * * * Many people derive as much pleasure from the pretty view as from use of the lake for

fishing, boating, or swimming. Would it be logical to assume that it is reasonable to use public funds to purchase areas of natural beauty for parks, to build new roads for access to scenic areas of our. country and to construct other facilities for public view and at the same time conclude that it is unreasonable to object to the closing of an existing road that provides a unique view for the public?"

The court cited the case of *In re Vacation of Cara Avenue* (1957), 350 Mich 283, as authority for his ruling. We conclude that the authority is applicable herein, even though the subject road does not end at the lake, as in *Cara, supra*. It does touch the lake and affords access to the lake for all purposes consistent with highway uses including the scenic view afforded the public. Also, see *Rice* v. *Clare County Road Commission* (1956), 346 Mich 658.

(3) *If the trial court did not err in either of the foregoing issues, did it err in finding that the vacation of the road was not necessary for the health, welfare, comfort or safety of the public?*

Plaintiffs assert that the vacating of the road would benefit the landowners by increasing the peace, quiet and security of themselves and their guests; eliminate the litter and debris problem occasioned by the use of the road, and increase the size and value of the lake lots. They further assert that the general public would benefit from the vacating of the road by saving funds for the maintenance of the road; eliminate a traffic law enforcement problem; substantially eliminate the local problem caused by the teenagers cruising around the area and "looping the loop", and result in increased tax revenues from the increased property values resulting.

It is true that plaintiffs' witnesses complained of the traffic, speeding, littering and noise occasioned by the use of the road. The complaints to the officials

were sporadic or non-existent. There was litter left on the road side, however, Mr. Peterson, the supervisor, stated that it was no different than was found on most highways.

The trial court in its opinion stated:

"The public health, safety and welfare is not affected by the use of this roadway. The petitioners have complained about the danger to their children due to vehicular traffic. The testimony indicates that the traffic on this road is not heavy. If there are traffic law violations committed on this road, this is an enforcement problem, not a reason for closing the road. Likewise, the problem of danger to children of property owners exists in the crossing of any road and cannot be a reason for vacation of this road. This court concludes that the public health, safety and welfare does not necessitate the closing of this roadway."

We cannot say that this determination is clearly erroneous. We do agree with plaintiffs that the vacating of the road would be to their personal benefit.

(4) *Did the trial judge err in signing a judgment establishing a public highway 66 feet wide within the plat, and 30 feet wide outside of the plat, 15 feet on either side of the center line of the platted road as extended?*

The trial court's original opinion failed to establish the width of the road outside of the platted land. At the time of the settlement of the judgment he determined it to be 30 feet wide.

In view of our previous rulings, the platted road is a public highway 66 feet wide because it was legally dedicated and accepted as such. We have also determined that the trial court did not err in determining the road over the unplatted land was a public highway by user for more than 10 years used

by the public and accepted by the public authorities in the manner required by law.

Plaintiffs assert that the width of the road outside of the plat is determined by the extent of the user for the prescribed time, and cite the case of *Eager* v. *State Highway Commissioner* (1965), 376 Mich 148, as authority for this rule of law. We agree and quote from the opinion, p 154, wherein Mr. Justice Dethmers stated:

"We agree with the trial court that privately owned land cannot become public road by user beyond the portion used as such merely by the above noted statutory pronouncement to that effect. To so hold would be violative of Constitution of 1850, art 18, § 14, Constitution of 1908, art 13, § 1, which prohibited taking by the public of private property except upon determination of necessity and just compensation 'being first made or secured.'"

After a careful review of the record we fail to find evidence substantiating a road of 30 feet in width over the unplatted land. There is conflicting testimony indicating the road to have been from 8 to 16 or 17 feet in width. The testimony concerning the use of the road varying over a space of 50 feet in width was when the road was not stable—many years ago—when the width varied according to the height of the water in Silver lake.

We cannot approve of the determination that the width of the road outside of the plat was 30 feet wide.

The statutory provision under which plaintiffs proceeded in the instant case has been repealed effective January 1, 1968, and has been replaced by PA 1967, No 288 (MCLA Cum Supp § 560.226; Stat Ann 1969 Cum Supp § 26.430[226]). We have not considered whether the new act is applicable to the

instant case inasmuch as this issue was not raised or briefed on appeal.

Affirmed, except as to the determination that the width of the road outside of the platted land was 30 feet. This matter is remanded to the circuit court for Oceana county for further proceedings to determine that fact, not inconsistent with this opinion.

No costs, a public question being involved.

All concurred.