LAUG *v* OTTAWA COUNTY ROAD COMMISSION

1. HIGHWAYS—PUBLIC ROADS—DEDICATION—INTENT—OWNER'S AC-
TIONS.

   A clear intent of the owner to dedicate property to public use
   must be shown in order to find that property has been ded-
   icated; the intent may be found from the owner's actions,
   but the actions must be unequivocal.

2. HIGHWAYS—PUBLIC ROADS—DEDICATION—EVIDENCE.

   A road was properly held not to have been dedicated to public
   use where all the conveyances from the first owner to the
   present owner's grantors mentioned the highway but never
   its width, no proof of sale or dedication by any of the
   present owner's predecessors in title was shown, the present
   owner and his predecessors had used the right of way, claimed
   by the county, as private property, the public had not used
   the road, and the county officials had not maintained the dis-
   puted right of way as a public road.

3. HIGHWAYS—PUBLIC USE—RIGHT BY USER—WIDTH—PRESUMP-
TIONS.

   When a highway is appropriated for public use by the principle
   of user, there is a statutory presumption that such a road
   is 66 feet wide, but this presumption is rebuttable unless it
   can be shown that the owner of the land expressly or im-
   pliedly agreed that the roadway was to be 66 . feet wide;
   in cases where the presumption is rebutted, the roadway is
   restricted to the area actually appropriated and used for
   road purposes.

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Dedication § 19.
[2] 23 Am Jur 2d, Dedication § 77.
[3–5] 39 Am Jur 2d, Highways, Streets, and Roads §§ 51, 61.

4. HIGHWAYS — PUBLIC ROADS — PRESUMPTIONS — 66-FOOT WIDTH EVIDENCE.

Public right-of-way in a road on which plaintiff's property fronted was confined to that portion of the land actually used by the public where plaintiff and his predecessors in title built a garage, a rock garden, and an irrigation system within the claimed right-of-way, because this construction was strong evidence that the landowners never agreed or acquiesced in the public road's being 66 feet wide.

5. HIGHWAYS—PUBLIC ROADS—WIDTH—ACTUAL USE.

Granting to county road commission 9,924 square feet of plaintiff's land as a right-of-way was error where the land had not been used before as a highway, the plaintiff and his predecessors in title had improved the land in the belief that they owned it, and the formula used by the judge in ascertaining the width of the right-of-way, that the public's rights were to be based on the distance from the center of the road to the most distant evidence of public activity in either direction, violated the constitutional prohibition governing the taking of public property for public use and decisional law that a highway by user should be confined to the area actually used.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 December 8, 1971, at Grand Rapids. (Docket No. 11156.) Decided January 20, 1972. Leave to appeal denied, 387 Mich 767.

Complaint for injunction by Ronald Laug against the Ottawa County Road Commission to enjoin defendant from exercising control over any portion of plaintiff's land other than that already in use as a public road without condemnation proceedings. Judgment for defendant. Plaintiff appeals. Affirmed in part, reversed in part, and remanded for entry of judgment confining defendant's easement to that area actually used as a public road.

*James W. Bussard,* for plaintiff.

*Lokker, Boter, Dalman & Murphy,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and
V. J. BRENNAN, JJ.

FITZGERALD, J.   Plaintiff and his wife own proper-
ty fronting on both sides of Leonard Road, a pri-
mary county highway running east and west through
Ottawa County.   The road is not on a section line,
but meanders from the western edge of Kent County
to Spring Lake on the western edge of Ottawa Coun-
ty.   The plaintiffs own 443.2 feet on the south side
of Leonard Road and 338.25 feet on the north side.

At the point where the plaintiff's property is lo-
cated, the road is paved approximately 18 feet wide
and has shoulders approximately 6 feet wide for a
total of 30 feet.   At one point, the road crosses a
ravine, and in 1914 the ravine was filled to accom-
modate the road bed and a culvert 55 feet wide was
built to allow the drainage of water.   This culvert
extends 26 feet north and 29 feet south of the center-
line of the pavement.

The defendant wishes to widen Leonard Road, and
claims ownership of a right-of-way 66 feet wide.
The county bases its claim upon the plat of the
Village of Eastmanville, which was recorded in
1855 and which, it is contended, established a dedi-
cation of a road 66 feet wide.

The plaintiff argues that the county has rights in
the highway by user (as opposed to dedication) and
therefore has rights only to those portions actually
used.   The plaintiff's garage extends 4 to 5 feet into
the proposed easement, and he has extensive land-
scaping, including a rock garden and irrigation sys-
tem which are within the county's proposed 66-foot-
wide strip.

The plaintiff sought and obtained an injunction against the defendant, alleging damage to real property, and alleged that the defendant had no right to exercise control over any portion of land other than that already in use without condemnation proceedings. A hearing was held in July, 1970 and the trial court issued an opinion on December 4, 1970.

In the opinion, the judge found that there had been no express or implied dedication of Leonard Road and that the defendant had a public easement created and governed by user. The court further found, however, that the defendant had an easement that was as wide as the "distance of the center of the pavement to the most distant evidence of public activity in either direction". The court then found that the culvert built across the ravine should give reasonable notice to a reasonable person that the county had an easement 55 feet wide and set the boundaries of Leonard Road as 26 feet north and 29 feet south of the center of the pavement.

The plaintiff appeals that portion of the trial court's ruling which gives defendant an easement 55 feet wide. The plaintiff feels that the county is only entitled to the land actually taken by user, and that the court's granting of an easement 55 feet wide was erroneous. The defendant, on February 23, 1971, filed a cross-claim of appeal alleging as error the finding of the trial court that the road was obtained by user and not dedication, and that even if the road was obtained by user, then the boundary should be 66 feet wide or in the alternative that the northern boundary should be 30 feet from the centerline and not 26 feet as found by the trial judge.

In reviewing findings of fact, the Court of Appeals gives considerable weight to the findings of the trial judge and will not reverse the trial court's findings unless they are "clearly erroneous". GCR 1963,

517.1; *Littell* v. *Knorr* (1970), 24 Mich App 446; *State Bank of Sandusky* v. *Boddy* (1969), 17 Mich App 466; *Tann* v. *Allied Van Lines, Inc.* (1966), 5 Mich App 309. The first test, therefore, is to see what evidence was needed and was produced to sustain the plaintiff's position and the trial judge's finding that Leonard Road was acquired by user and not dedication.

In order to find that a piece of property has been dedicated to the public use by the owner of the property, there must appear a clear intent on the part of the owner to dedicate his property for such use. *Hawkins* v. *Dillman* (1934), 268 Mich 483; *Vance* v. *Village of Pewamo* (1910), 161 Mich 528; *Irving* v. *Ford* (1887), 65 Mich 241. It is true that intent may be found from the actions of individuals, but such actions must be unequivocal. *Ellsworth* v. *City of Grand Rapids* (1873), 27 Mich 250; *People* v. *Jones* (1858), 6 Mich 176.

In determining the existence of an intention to dedicate, all of the facts and circumstances bearing on the question must be considered and, to be sufficient, they must positively and unequivocally disclose the requisite intention. This Court in the recent case of *Littell* v. *Knorr, supra,* p 452, has quoted the following:

" 'The facts and circumstances relied upon to prove the existence of an intent on the part of the dedicator must be of a positive and unequivocal character. Since, by a dedication, valuable rights in lands pass from the owner, no presumption of an intent to dedicate arises, *unless it is clearly and expressly shown by his acts and declarations, or by a line of conduct the only reasonable explanation of which is that a dedication was intended.* (Emphasis added).' " 9 Am & Eng Enc Law (2d Ed), p 38, and cases cited. (Quoting from *Hawkins* v. *Dillman, supra,* and *Vance* v. *Village of Pewamo, supra.*)

The evidence appears in the case to support the trial judge's finding: Timothy Eastman owned the land in question when the plat of Eastmanville was recorded, and all conveyances from him to plaintiff's grantors mentions the highway but never mentions the width. There is no proof of sale or dedication by any of plaintiff's predecessors in title. The disputed property has not been used by the public or maintained by officials as a public road, but has been used exclusively by the plaintiffs and their predecessors as private property.

This evidence leads to the conclusion that Leonard Road was obtained by the defendant through user and not dedication. While it is true that the defendant introduced evidence to the opposite effect, the defendant was required to show dedication by positive and unequivocal evidence. *Littell, supra; Hawkins, supra; Vance, supra.*

In light of these considerations, it cannot be said that the finding of the trial judge was "clearly erroneous," and therefore the finding of the trial court that Leonard Road was obtained by the defendant through the principle of user is sustained.

The trial court's opinion, relating to the extent of the land obtained for the public through the principle of user, stated as follows:

"We are thus confronted with the issue—what is the extent of the user by the public?

\* \* \*

"Within plaintiff's property Leonard Road traverses a ravine. In 1912 defendant, by resolution, took Leonard Road into the county road system. In 1914 the records indicate that the ravine was filled to accommodate the road bed. Exhibit B indicates that the fill extended 26 feet to the north of the center and 29 feet to the south of the center of the road,

or a width of 55 feet. A concrete retaining wall 200 feet long has been installed close to the top of the fill to the south of the pavement. A culvert extends through the fill, north and south, to the extent of 55 feet.

"Plaintiff's garage extends 4–5 feet into the proposed 66' easement. He also has a portion of his lawn, rock gardens, hedges, landscaping and sprinkling system within the 66' width. Plaintiff claims no rights by adverse possession, he challenges defendant's extent of user.

"It is the opinion of the court that the width of the public easement is evidenced by the distance from the center of the pavement to the most distant evidence of public activity in either direction. An ordinary reasonable person would have reasonable notice that public activity along side a public highway is evidence of a claim of right to that distance from the highway.

"So in the matter before the court the extensive use by the public in an area 55 feet wide is ample notice to all of an easement of that width and especially to plaintiff and his predecessors in title. The court so finds. Under this finding the court places the boundaries of Leonard Road as 26 feet north and 29 feet south of the center of the pavement."

Plaintiff appeals from this finding.

The plaintiff argues that the law of Michigan clearly states that the land acquired by user can only extend to the amount of land actually used for the road, and that the trial court's granting of land to the extent of 55 feet cannot be sustained. He cites for this proposition, *Eager* v. *State Highway Commissioner* (1965), 376 Mich 148; and *Yonker* v. *Oceana County Road Commission* (1969), 17 Mich App 436.

The defendant argues that MCLA 221.20; MSA 9.21 establishes that all highways obtained by user

are to be 4 rods (or 66 feet) wide. That statute states that:

"All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for 10 years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used 8 years or more, shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act. All highways that are or that may become such by time and use, shall be 4 rods in width, and where they are situated on section or quarter section lines, such lines shall be the center of such roads, and the land belonging to such roads shall be 2 rods in width on each side of such lines."

The defendant feels that this statute, and the cases of *Bumpus* v. *Miller* (1856), 4 Mich 159; and *Kruger* v. *Le Blanc* (1888), 70 Mich 76, established that a road obtained by user is always to be 4 rods wide.

The defendant notes in his brief that two recent cases (*Eager, supra,* and *Yonker, supra*) seem to hold to the opposite effect without specifically overruling either the *Bumpus* or the *Kruger* cases. The defense feels, therefore, that this area is in confusion.

Such, however, is not the case.

A reading of both the *Bumpus* case and the *Kruger* case demonstrates that they do not stand for the proposition cited by defendant. In both of those cases, it was found that there had been a specific dedication of a road 66 feet wide. For a discussion of these cases, see *Smith* v. *State Highway Commissioner* (1924), 227 Mich 280. The *Bumpus* and *Kruger* decisions have consistently been held to stand for the proposition that the roads obtained by

implied dedication are 66 feet wide only if the grants were not expressly or impliedly restricted by the owner of the property.

As early as 1887, one year before *Kruger,* it was established law that the State could obtain by user only the land actually so used. In the case of *Scheimer* v. *Price* (1887), 65 Mich 638, 639, the Supreme Court said:

"The plaintiff sought to establish the highway by proving user. It appeared by the plaintiff's own showing that the public had never used the strip of land claimed to constitute a part of said highway by the plaintiff, and owned by the defendant, about two rods wide, and over a hundred rods long; and that the alleged encroachment was defendant's fence, enclosing said strip with his other lands. A highway by user includes only so much land as is used for that purpose, and it cannot be extended upon adjacent lands, against the consent of the owner, except under proper proceedings for condemnation for that purpose."

As recently as 1965 the Michigan Supreme Court reaffirmed this principle in the case of *Eager, supra.* The Court begins by distinguishing *Bumpus* and *DeFlyer* v. *Oceana County Road Commissioners* (1965), 374 Mich 397 (also relied upon by defendant) as applying to those cases where there had been an express grant of an easement 66 feet wide, or where the landowner had failed to dispute the claim of the public to an easement of 66 feet. In other cases, the Court in *Eager* said, p 154:

"We agree with the trial court that privately owned land cannot become public road by user beyond the portion used as such merely by the above noted statutory pronouncement to that effect. [Referring to MCLA 221.20; MSA 9.21.] To so hold

would be violative of Constitution of 1850, Art 18, § 14, Constitution 1908, Art 13, § 1, which prohibited taking by the public of private property except upon determination of necessity and just compensation 'being first made or secured'."

The conclusion reached by the Court is that when a highway is appropriated for public use by the principle of user, there is a statutory presumption that such a road is 66 feet wide, but that this presumption is rebuttable unless it can be shown that the owner of the land expressly or impliedly agreed that the roadway was to be 66 feet wide. In cases where the presumption is rebutted, the roadway is restricted to that area actually appropriated and used for road purposes.

In the instant case, the plaintiff or his predecessors in title built the garage well within the proposed 66-foot right-of-way and built and landscaped the rock garden and irrigation system within the proposed right-of-way. This is strong evidence that the owners of land never agreed or acquiesced in Leonard Road's being 66 feet wide. This case, therefore, falls within those cases where the right-of-way is confined to that portion of the land actually used as such.

The defendant argues, in the alternative, that if the county is not entitled to the full 66-foot width, then the judge's order should be modified to give the county another 4 feet to the north. The basis for this argument is that the trial judge set the northern boundary of the right-of-way to coincide with the northern edge of the culvert (which was 26 feet north of the centerline of Leonard Road). The defendant now argues that there is a 3-foot spillway just east of the culvert which extends to 30 feet north of the centerline and thus, using the reasoning of the court, the county should be entitled to an easement over the plaintiff's property 30 feet to the

north of the centerline of Leonard Road. If the trial court's formula was correct, then the defendant could have a valid argument. However, extensive research has disclosed no authority for the judge's formula.

While the Court has no authority supporting the judge's formula (and indeed the trial court did not cite any), it must be admitted that there was also no authority directly on point that said the formula was incorrect. Instead, we must rely upon general principles of law, one of which is found in the Michigan Constitution of 1963. Art 10, § 2 of the Constitution says that:

"Private property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record."

At the same time, as discussed earlier, the courts have held that the road is to be confined to that portion of land actually used. *Coleman* v. *Flint & P.M.R. Co.* (1887), 64 Mich 160; *Scheimer* v. *Price* (1887), 65 Mich 638; *Smith* v. *State Highway Commissioner* (1924), 227 Mich 280; *Eager, supra; Yonker, supra.* Nowhere, in any of those cases, does it say that the width of the road "is evidenced by the distance from the center of the pavement to the most distant evidence of public activity in either direction," as the trial court held.

If this formula is correct, it results in a net loss to plaintiff of approximately 9,924 square feet of land. This figure is obtained by taking the present distance from the center of Leonard Road to the edge of both shoulders (15 feet), then subtracting that from the width granted by the trial court (26 feet on the north, and 29 feet on the south). This

arrives at a strip of land 11 feet wide on the north of Leonard Road and 14 feet wide on the south of Leonard Road that the trial court's opinion gives to the defendant in excess of that already in use as a road. Next, by taking the frontages and multiplying by the width, we arrive at the approximate square feet lost to the plaintiff. This does not make allowance for the portion of the culvert existing on the plaintiff's property on the south side of Leonard Road.

The grant of 9,924 square feet of land to the defendant which had not before been used as a highway is not in keeping with the spirit of those cases which have long and consistently held that the width of the road is to be confined to that already used for such purposes.

It appears that the trial court was correct in holding that Leonard Road was established by user, and not by dedication. It also is clear that consistent with such a holding is the principle that such a road does not automatically extend to a width of 66 feet. Therefore, that portion of the trial court's finding is affirmed.

It is not clear whether the judge's formula for deciding what actually was used as a road and the width of that road was correct. In sustaining the judge's findings, the plaintiff will lose approximately 9,924 square feet of land that he and his predecessors in title believed was theirs, and improved consistent with such a belief. This formula is incorrect as violating the spirit of Const 1963, art 10, § 2, and those cases holding that the highway should be confined to the area actually used. Therefore, this portion of the order is modified so that the boundaries of the public easement are established at the present use.

Affirmed in part, reversed in part, and remanded for entry of judgment confining the area to that actually used for a road. Costs to appellant.

All concurred.