PLATT v INGHAM COUNTY ROAD COMMISSION

1. HIGHWAYS—PUBLIC USER—RIGHT-OF-WAY—WIDTH—STATUTORY PRESUMPTION.

The statutory presumption that a highway appropriated for public use by the principle of user has a right-of-way of four rods in width is rebuttable and, where the presumption is rebutted, the highway is restricted to that area actually appropriated and used for road purposes (MCLA 221.20).

2. HIGHWAYS—PRESCRIPTIVE EASEMENT—WIDTH—ACTUAL USE.

Width of a prescriptive easement in a public highway includes shoulders and ditches needed and actually used, but it does not include the allowance of a width for shoulders and ditches not used but needed; therefore, the boundaries and extent of use of a ditch at the time a prescriptive easement was created in the road adjoining plaintiffs' property must be determined by the trier of fact in order to resolve the ultimate issue of whether the land upon which plaintiffs' trees were located was within the right-of-way and subject to removal by defendant for the purpose of widening the road.

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted Division 2 February 29, 1972, at Lansing. (Docket No. 11840.) Decided May 1, 1972.

Complaint by Robert M. Platt and Alice R. Platt against the Ingham County Road Commission for an injunction to restrain defendant from removing trees from their property for road-widening purposes. Injunction denied. Plaintiffs appeal. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Highways, Streets, and Bridges § 61.
[2] 39 Am Jur 2d, Highways, Streets, and Bridges § 52.

Robert M. Platt, *in propria persona,* for plaintiffs.

*Russel A. Lawler,* for defendant.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. Plaintiffs appeal the denial of an injunction sought against defendant to prevent it from entering upon their land to remove certain trees for the purpose of widening Williamston road in Williamstown Township, Ingham County.

It appears that the trial court based its decision upon the erroneous view that a right-of-way for a highway obtained by prescriptive use is always to be four rods in width regardless of the extent of the actual use. This view was understandably fostered by the statute, MCLA 221.20; MSA 9.21:

"All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for 10 years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used 8 years or more, shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act. All highways that are or that may become such by time and use, shall be 4 rods in width, and where they are situated on section or quarter section lines, such lines shall be the center of such roads, and the land belonging to such roads shall be 2 rods in width on each side of such lines."

This Court has held that when a highway is appropriated for public use by the principle of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

user, there arises only a statutory rebuttable presumption that the right-of-way is four rods in width. In cases where the presumption is so rebutted, the roadway is restricted to that area actually appropriated and used for road purposes. *Laug v Ottawa County Road Commission,* 37 Mich App 757, (1972); see, also, *Eager v State Highway Commissioner,* 376 Mich 148 (1965); *Yonker v Oceana County Road Commission,* 17 Mich App 436 (1969). Plaintiff having introduced evidence to rebut the statutory presumption, thereby placed this case within the category of cases in which the right-of-way is confined to that portion of land actually used for highway purposes.

Since a right-of-way is deemed to encompass such use of the land at or beneath the surface as will make the easement effective, a similar concept of use must be employed in determining "actual use". *Highland Park v Driscoll,* 24 Ill 2d 281, 283; 181 NE2d 93–94 (1962). Hence, where the facts establish a public use not only of the road itself but also of a bordering drainage ditch, it having been proven essential to the effectiveness of the right-of-way, prescriptive rights will be created in the ditch as well. *Highland Park v Driscoll, supra.*[1] However, though the width of a prescriptive easement in a public highway includes shoulders and ditches needed and actually used, it does not include the allowance of a width for shoulders and ditches not used but needed. *Grenell v Scott,* 134 So 2d 866, 869 (Fla App, 1961). Hence, the boundaries and the extent of use of the ditch at the time the easement was created must be determined by

---

[1] Drainage ditches along the side of a public highway acquired by prescription are generally regarded as within the boundaries of the right-of-way. 76 ALR2d 535, § 6, p 548; 39 Am Jur 2d, Highways, Streets and Bridges, § 52, p 441.

the trier of fact in order to resolve the ultimate issue of whether the land upon which the trees are located is within the right-of-way.

Reversed and remanded. No costs, a public question being involved.