JASCHUK v MANISTEE COUNTY ROAD COMMISSION

Docket No. 144514. Submitted December 16, 1993, at Grand Rapids. Decided May 16, 1994, at 9:45 A.M. Leave to appeal sought.

Nicholas and Sophia Jaschuk brought an action in the Manistee Circuit Court against the Manistee County Road Commission, seeking declaratory and injunctive relief concerning the width of a road abutting the plaintiffs' property and within the jurisdiction of the defendant, having been established by user. MCL 221.20; MSA 9.21. The court, James M. Batzer, J., after an evidentiary hearing, determined that the road in question had been established as a sixteen-foot-wide highway under the highway-by-user statute. The defendant appealed, claiming that the statute provides a width of sixty-six feet for highways established by user.

The Court of Appeals held:

A highway-by-user becomes such only to the width and extent used. The statutory provision that such a highway shall be four rods, or sixty-six feet, wide regardless of use was declared an unconstitutional interpretation in Eager v State Hwy Comm'r, 376 Mich 148 (1965).

Affirmed.

*Varnum, Riddering, Schmidt & Howlett* (by *Matthew D. Zimmerman* and *Scott T. Rickman*), for the defendant.

Before: NEFF, P.J., and WEAVER and K. B. GLASER,* JJ.

WEAVER, J. Plaintiffs, Nicholas and Sophia Jaschuk, are the owners of certain property in Manistee County that is bordered on the south by a county road. Defendant obtained jurisdiction over this road sometime before March 30, 1933, through the highway-by-user statute, MCL 221.20; MSA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

9.21. Plaintiffs brought suit because defendant was widening the road, primarily through snow removal. Plaintiffs claimed this widening created a trespass and requested an injunction to halt defendant's actions. Defendant denied that it was trespassing, claiming that MCL 221.20; MSA 9.21 gave it a two-rod, or thirty-three-foot, easement on each side of the center line of the road.

The trial court determined that the statute's rebuttable presumption of a four-rod-wide road could constitute an unconstitutional taking of property, relying on *Eager v State Hwy Comm'r,* 376 Mich 148; 136 NW2d 16 (1965). Accordingly, the court held the statute creates a dedication of an easement that extends only to the actual use to which the road is being put, rather than to the full four rods as is set forth in the statute. Following an evidentiary hearing to determine the actual use of the road, the court entered a judgment establishing the width of the road at sixteen feet.

Defendant now appeals as of right, arguing that the highway-by-user statute creates a statutory presumption that a public road established by user is four rods (sixty-six feet) wide.[1]

MCL 221.20; MSA 9.21 reads as follows:

> All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for 10 years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used 8 years or more, shall be deemed public highways, subject to be altered or discontinued

---

[1] Defendant also raises the issue whether sufficient evidence was introduced at trial to rebut the statutory presumption that the public road in question is four rods wide. However, this issue is rendered moot by our disposition of the first question.

according to the provisions of this act. All high-
ways that are or that may become such by time
and use, shall be 4 rods in width, and where they
are situated on section or quarter section lines,
such lines shall be the center of such roads, and
the land belonging to such roads shall be 2 rods in
width on each side of such lines.

In 1965, our Supreme Court addressed the high-
way-by-user statute, then 1948 CL 221.20, and
ruled that

privately owned land cannot become public road
by user beyond the portion used as such merely by
the above noted statutory pronouncement to that
effect. To so hold would be violative of Constitution
of 1850, art 18, § 14, Constitution 1908, art 13, § 1,
which prohibited taking by the public of private
property except upon determination of necessity
and just compensation "being first made or se-
cured." [*Eager, supra,* p 154.]

The Court ruled that an implied dedication under
the statute applies only to the extent of the use.
Following this law as set forth by our Supreme
Court, we affirm the judgment of the trial court.

Appellant argues that we should instead follow
*Eyde Bros v Eaton Co Drain Comm'r,* 427 Mich
271, 297-298; 398 NW2d 297 (1986), which stated:
"When highway easements are established by
user, they are as wide as the extent of the user,
and as § 20 of the general highway law states, are
presumed to be four rods or sixty-six feet wide.
. . ." In *Eyde,* however, the Supreme Court was
not specifically addressing the validity of this por-
tion of the highway-by-user statute. The Court was
considering what would be a sufficient showing of
possession and control to rebut the statutory pre-
sumption.

Thus, the Court's pronouncement as quoted

above was dicta, and we do not construe it as overruling the precedent set by *Eager, supra.* The Supreme Court does not favor abandonment of its prior decisions by implication. *People v Stoeckl,* 347 Mich 1, 16; 78 NW2d 640 (1956).

We affirm.